William F. BARRY, Plaintiff,

v.

J.M. RATELLE, et al., Defendants.

No. Civ. 97–1159–B (LSP).

United States District Court,
S.D. California.

Dec. 3, 1997.

William F. Barry, pro se.

Daniel E. Lungren, George Williamson, Peter J. Siggins, Darrell Lepkowsky, Cynthia S. Floyd, Office of Attorney Gen. for State of Cal., Los Angeles, CA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND

BREWSTER, District Judge.

On August 5, 1997, Defendants Ratelle, Crews, Armstrong, and Hunt, the four defendants in this action, filed a motion to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff did not file an opposition brief to this motion. Upon due consideration of the moving papers and for the reasons stated below, the Court hereby GRANTS Defendants' motion to dismiss Plaintiff's complaint. Plaintiff may amend his complaint by addressing the deficiencies discussed in this order. Plaintiff must file a copy of his first amended complaint with the Clerk of Court and serve copies of the first amended complaint upon all parties to this action within sixty days from the date of this order.

## I. BACKGROUND

Plaintiff, an inmate at the R.J. Donovan Correctional Facility in San Diego, has filed a *pro se* complaint seeking damages pursuant to 42 U.S.C. § 1983 for Defendants' alleged

deliberate indifference to his medical needs in violation of his Eighth and Fourteenth Amendment rights. Defendants are the prison warden (Ratelle), the Chief Medical Officer of the prison (Crews) and two prison physicians (Armstrong and Hunt). Plaintiff claims that in early 1996, after an injury that he sustained in prison, he was diagnosed with a hernia and informed by prison doctors that he would need surgery. State officials approved the surgery in December of 1996, but Plaintiff has never received it. Plaintiff was also promised by the prison physicians that he would be given a truss to alleviate the pain from the hernia, which he claims that he has not received. Plaintiff's complaint states that he continues to experience "pain and discomfort on a daily basis" and that he fears "something more serious is going to occur, internally, before I receive any sort of treatment."

All Defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the following grounds: (1) Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a); (2) the allegations against Defendants fail to meet the heightened pleading standard required in § 1983 actions by *Branch v. Tunnell,* 937 F.2d 1382 (9th Cir.1991); and (3) Defendants are immune to suit pursuant to the Eleventh Amendment. Additionally, Defendants Ratelle and Crews argue that Plaintiff is impermissibly attempting to hold them liable under a theory of respondeat superior, and Defendants Armstrong and Hunt assert that Plaintiff's complaint fails to state a claim for violation of a constitutional right.

## II. DISCUSSION

### A. Standard of Law.

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. This court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to plaintiff. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986); *Parks School of Business, Inc. v.*

*Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). The court need not, however, accept every allegation in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian,* 978 F.2d 1115, 1121 (9th Cir.1992) (citation omitted).

### B. Plaintiff has alleged exhaustion of his administrative remedies as required by the Prison Litigation Reform Act of 1995.

All Defendants argue that Plaintiff's must be dismissed on the grounds that he has not exhausted available administrative remedies as is now required by the Prison Litigation Reform Act of 1995 (PLRA), Pub.L. No. 104–134, Title VIII, §§ 801–10, 110 Stat. 1321 (1996) and 42 U.S.C. § 1997e(a). Defendants claim that the PLRA requires Plaintiff to exhaust remedies prescribed by the California Tort Claims Act by presenting his claims to the State Board of Control before filing a lawsuit under 42 U.S.C. § 1983. *See* Cal. Govt.Code §§ 905.2, 911.2 and 945.4.

#### 1. Plaintiff has exhausted his remedies within the prison grievance system.

Defendants do not allege that Plaintiff has not exhausted his administrative remedies within the prison grievance system. The administrative appeal system for inmates in the California prison system is described in Title 15 of the California Code of Regulations. "Any inmate or parolee under the [California Department of Correction's] jurisdiction may appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal.Code Regs tit. 15, § 3084.1(a). In order to exhaust administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, (4) third level appeal to the director of the California Department of Corrections.

Plaintiff's complaint alleges that after attempting to resolve his situation informally, he filed his first appeal within the prison

grievance system on November 25, 1996, about ten months after his injury. On December 23, 1996, he received a response from the prison staff that his surgery was approved, but that because of security concerns, he could not be told the date of the surgery. On March 31, 1997, Plaintiff filed a request for a second-level review because three months had passed with no further word from prison officials about the surgery. Although requests for second-level reviews must be responded to within ten working days, Plaintiff alleges that he never received a response. Three months after submitting his request for a second-level review, Plaintiff requested a Director's Level Review on June 6, 1997, to which he has also never received a response. Because Plaintiff has attempted to appeal the prison officials' inaction with regard to his treatment to every level of the prison grievance system, it does not appear (and the moving party has not attempted to show) that Plaintiff has failed to exhaust his administrative remedies within the prison system.

### 2. Plaintiff is not required to comply with the California Tort Claims Act in order to exhaust his administrative remedies.

Defendants contend that 42 U.S.C. § 1997e(a) requires Plaintiff to comply with the presentment of claim procedures provided in the California Tort Claims Act. Defendants correctly note that federal courts require compliance with the CTCA for pendant state law claims against public employees. *Willis v. Reddin,* 418 F.2d 702, 704 (9th Cir.1969). Similarly, the federal courts have held that the CTCA applies to state law actions before federal courts sitting in diversity. *E.g., Jacobsen v. Marin General Hospital, et al,* 963 F.Supp. 866, 870–71 (N.D.Cal.1997). However, no federal court in California has applied the CTCA to a post-PLRA federal civil rights claim against a state official.[1]

■ The legislative history of section 1997e(a), as amended by the PLRA, seems to

indicate that the drafters did not intend to require prisoners to exhaust state tort remedies before filing a federal civil rights claim. It implies that Congress merely intended to require exhaustion of prison grievance procedures. *See Report on the Activities of the Committee on the Judiciary,* H.R.Rep. 104–879 (January 2, 1997) (PLRA "requires prisoners to exhaust the administrative remedies established by the corrections system before they may file a lawsuit in federal court"); *see also* 141 Cong.Rec. S7498–01, at S7527 (remarks of Senator Kyl) (noting that many prisoners seek relief for matters as to which the "prison grievance system" supplies an adequate remedy.) There is no indication in the legislative history surrounding the PLRA to suggest that Congress intended to legislatively overrule *Felder v. Casey,* 487 U.S. 131, 140–41, 108 S.Ct. 2302, 2307–08, 101 L.Ed.2d 123 (1988), which held that state law notice-of-claim statutes are inapplicable to § 1983 litigation.

In *Felder,* the Supreme Court discussed the applicability of a state notice-of-claim provision to a § 1983 suit. The Court noted that because § 1983 contains no statute of limitations, federal courts apply state statutes of limitations to § 1983 suits. However, it distinguished notice-of claim statutes from statutes of limitations, holding that unlike the absence of a statute of limitations, "the absence of any notice-of-claim provision [in 42 U.S.C. § 1983] is not a deficiency requiring the importation of such [state] statutes into the federal civil rights scheme." *Felder,* 487 U.S. at 140, 108 S.Ct. at 2308.

Therefore, the Court holds that Plaintiff need not comply with the notice-of-claim provisions in the CTCA in order to allege a federal civil rights cause of action under § 1983.

### C. The allegations against Defendants meet the Ninth Circuit's heightened pleading standard.

■ Plaintiff's claim includes an element of "unlawful intent," i.e., the element that

---

1. In one pre-PLRA case cited by Defendants, the Ninth Circuit declined to apply the CTCA to a federal civil rights claim, stating, "[w]hile it may be completely appropriate for California to condition rights which grow out of local law and

which are related to waivers of the sovereign immunity of the state and its public entities, California may not impair federally- created rights or impose conditions upon them." *Willis v. Reddin,* 418 F.2d 702, 704 (9th Cir.1969).

Defendants were deliberately indifferent to his medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Ninth Circuit requires plaintiffs in constitutional tort actions in which subjective intent is an element to satisfy a heightened pleading standard. Specifically, to survive a motion to dismiss, "plaintiffs must state in their complaint[s] nonconclusory allegations setting forth evidence of unlawful intent." *Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir. 1991). "The allegations of facts must be specific and concrete enough to enable Defendants to prepare a response...." *Id.* Defendants argue that Plaintiff has failed to fulfill this standard.

■ The heightened *Branch* pleading standard does not require that plaintiffs produce direct evidence of unlawful intent; circumstantial evidence will suffice. *Id.* Plaintiff alleges that Defendants were aware of his medical needs and that, despite their knowledge, they consciously neglected over a considerable period of time to give him necessary medical treatment. In support of this claim, he has attached to his complaint copies of letters, prison appeal forms and interview requests. These documents indicate that Defendants were given notice of Plaintiff's medical needs. Plaintiff asserts that Defendants' alleged failure to respond despite their knowledge of his needs is adequately set forth to state a cause of Action. The Court agrees.

**D. Plaintiff's complaint is defective as against Defendant Ratelle, but not as against Defendant Crews, for failing to allege a proper basis for § 1983 liability.**

■ Defendants Ratelle (the prison warden) and Crews (the chief medical officer of the prison) contend that Plaintiff specifies no conduct through which they, as supervisory personnel who had no personal contact with Plaintiff, participated in any alleged violation of his civil rights. Conclusory allegations of participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Ivey v. Board of Regents of Univ. of Alaska,*

673 F.2d 266, 268 (9th Cir.1982); *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir.1988). Moreover, liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). A supervisor may be liable for constitutional violations of subordinates, however, if the supervisor participated in, directed, or knew of the violations and failed to act to prevent them. *Taylor*, 880 F.2d at 1045.

■ Plaintiff's complaint specifically alleges that Crews knew of his subordinates' inaction through at least two letters that Plaintiff wrote to Crews in an attempt to remedy the problem, yet Crews failed to act on that knowledge. Thus, Plaintiff has alleged a proper basis for liability against Crews. By contrast, Plaintiff merely implies that Ratelle knew *or should have known* that Plaintiff's medical needs were being neglected because of the prison appeals system and/or Plaintiff's requests to review his medical records. Plaintiff must show that Ratelle actually knew of any constitutional violations committed by his subordinates in order to recover against him on a § 1983 claim. If Ratelle did not have actual knowledge of the alleged violations, there is no basis for § 1983 liability, because defendants in constitutional tort actions are not liable for negligence only. Disjunctive allegations in a complaint are usually defective because they do not adequately advise defendants of the allegations to defend against. Such is the case here. For this reason, Plaintiff's complaint as to Defendant Ratelle is defective and must be dismissed with leave to amend.

**E. Plaintiff has alleged a violation of his Eighth Amendment rights by Defendants Armstrong and Hunt.**

■ Defendants Armstrong and Hunt argue that Plaintiff's allegations fail to state a claim for violation of a constitutional right. Under 42 U.S.C. § 1983, a plaintiff has a cause of action against anyone who under color of state law deprives the plaintiff of a constitutional right. Plaintiff alleges that Defendants have been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights, as applied

to the state via the Fourteenth Amendment. *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 2480–81, 125 L.Ed.2d 22 (1993). A difference of opinion between a prisoner and prison officials regarding medical treatment does not constitute deliberate indifference to medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989). However, Plaintiff's complaint alleges more than a mere difference of opinion. Plaintiff asserts that he is experiencing severe pain caused by a serious medical condition of which Defendants are aware and for which Defendants have prescribed surgery. Plaintiff claims that allowing him to remain in pain for nearly two years without even giving him a truss once the need for surgery was identified constitutes deliberate indifference to his medical needs. In other words, Plaintiff claims that there was a serious need, Defendants were aware of it, and they failed to take the course of action that Defendants themselves deemed necessary. Therefore, Plaintiff has alleged facts which, if true, would constitute an Eighth Amendment violation.

### F. Plaintiff's complaint contains an Eleventh Amendment defect.

▪▪▪ All four defendants claim that they are immune from liability in this action pursuant to the Eleventh Amendment. The Eleventh Amendment prohibits suits against a state or state agency, and § 1983 does not abrogate this immunity since a state or state agency is not a "person" for purposes of the statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 62, 109 S.Ct. 2304, 2307–08, 105 L.Ed.2d 45 (1989). As Defendants note, the Eleventh Amendment also prohibits damage actions against state officials their official capacities. *Will*, 491 U.S. at 71 n. 10, 109 S.Ct. at 2312 n. 10.[2] However, the Eleventh Amendment does not bar damage actions against state officials in their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 31, 112 S.Ct. 358, 364–65, 116 L.Ed.2d 301 (1991). Personal capacity suits seek to impose liability on state officials for acts taken under color of state law. *Id.* at 25–26, 112 S.Ct. at 361–62. In *Hafer*, the Supreme Court held that the Eleventh Amendment does not shield state officials from allegations that they violated a federal right while acting under color of state law. *Id.* at 29, 112 S.Ct. at 363–64. The Amendment only prohibits damage actions against the "official's office"—actions that are in reality suits against the state itself, rather than its individual officials. *Id.; Will*, 491 U.S. at 71, 109 S.Ct. at 2312; *Stivers v. Pierce*, 71 F.3d 732 (9th Cir.1995). Defendants seem to imply that any action for damages against a state employee for actions taken in the course of his or her employment is necessarily an official capacity suit. This conclusion contradicts the Supreme Court's holding in *Hafer*.

Plaintiff's complaint does not state whether he is suing the individual Defendants in their official or personal capacities. For this reason, the Court must dismiss his complaint. However, the Court grants Plaintiff leave to amend his complaint to specify whether he is suing any Defendants in their personal capacities.

### III. CONCLUSION

For the reasons stated above, the Court holds the following.

(1) Plaintiff's complaint is defective as to Defendant Ratelle because it fails to allege that Ratelle was actually aware of the alleged violations committed by other prison staff members.

(2) Plaintiff's complaint contains an Eleventh Amendment defect as to all defendants because it fails to specify whether he is suing Defendants in their personal capacities.

(3) Plaintiff's complaint is dismissed in its entirety with leave to amend. The amended complaint must correct the deficiencies discussed in this order. Plaintiff must file his amended complaint with the Clerk of Court

---

**2.** However, the Eleventh Amendment "does not bar actions against state officers in their official capacities if the plaintiffs seek only a declaratory judgment or injunctive relief." *Chaloux v. Kil-* *leen*, 886 F.2d 247, 252 (9th Cir.1989) (internal quotations omitted); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104–06, 104 S.Ct. 900, 910–11, 79 L.Ed.2d 67 (1984).

and affect service on all defendants within sixty days from the date of this order.

IT IS SO ORDERED.