MacArthur RUMBLES,
Plaintiff–Appellee,

v.

Donald R. HILL; Black and Beckett,
Defendants–Appellants.

No. 98–16794.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 1999.

Decided June 30, 1999.

Jane Lamborn (argued) and Lisa Smiley (on the briefs), Deputy Attorneys General, Sacramento, California, for the defendants-appellants.

Michelle Anderson and Courtenay Keough McKeon, Certified Law Students; Susan Christian, Supervising Attorney; King Hall Civil Rights Clinic, University of California at Davis, for the plaintiff-appellee.

Before: BEEZER and TROTT, Circuit Judges, and KING,* District Judge.

## INTRODUCTION

KING, District Judge:

Donald R. Hill, K. Black, and J. Beckett (collectively, "Hill") appeal interlocutorily an order denying their motion to dismiss MacArthur Rumbles' prisoner 42 U.S.C. § 1983 action for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1292, and we affirm. We hold that the failure to exhaust administrative remedies under section 1997e(a) does not deprive a federal court of subject matter jurisdiction where money damages is the sole relief sought and where such a remedy is not available through the prison's administrative grievance process.

## DISCUSSION

This appeal concerns section 803(d) of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA") (amending 42 U.S.C. § 1997e(a)). As amended by the PLRA, section 1997e(a) provides:

(a) Applicability of administrative remedies

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (Supp. IV 1998).

■ Prior to the PLRA, section 1997e contained a comparatively lenient exhaustion requirement for prisoner cases that directed courts to "continue ... [a prisoner section 1983] case for ... [up to] 180 days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available" if the court "believes that such a requirement would be appropriate and in the interests of justice." 42 U.S.C. § 1997e(a)(1) (1994); *see Patsy v. Board of Regents,* 457 U.S. 496, 511, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1981). The pre-PLRA version of the statute also required the Attorney General to certify that those administrative remedies were "in substantial compliance with the minimum acceptable standards promulgated under subsection (b)"[1] or were "otherwise fair and effective." 42 U.S.C. § 1997e(a)(2) (1994); *see Patsy,* 457 U.S. at 510–11, 102 S.Ct. 2557. The PLRA, however, deleted the statutory phrase "plain, speedy, and effective" and eliminated the requirement that administrative remedies meet "minimum acceptable standards" or otherwise be "fair and effective." The amended version of section 1997e now simply requires the exhaustion of "such administrative remedies as are available." In contrast to the pre-PLRA version of section 1997e, this new exhaustion requirement is mandatory. *See Garrett v. Hawk,* 127 F.3d 1263, 1265 (10th Cir.1997) ("Congress amended § 1997e to make the exhaustion provisions mandatory rather than discretionary.").

■ Rumbles' pro se complaint alleged, among other things, that a prison guard spit on him, called him racial epithets, and assaulted or threatened to assault him. He sought injunctive-type relief (an apology from Hill and a federal investigation into "new California laws that are stiffer on repeat offenders and [the] effect [of such laws] on the conduct of Correctional Officers"), as well as monetary damages for excessive force.[2] The district court

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

1. Subsection (b) directed the Attorney General, following consultation with experts in the field, to promulgate "minimum standards for the development and implementation of a plain, speedy, and effective system for the resolution of grievances of adults confined in any jail, prison, or other correctional facility...." 42 U.S.C. § 1997e(b)(1) (1994).

2. Rumbles argues on appeal that his excessive force claim is not "with respect to prison conditions." In doing so, Rumbles is arguing that he need not exhaust administrative remedies because this claim is not governed by section 1997e(a). We decline to address this issue because it was not raised below. *See United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir.1991) ("Issues not presented to the trial court cannot generally be raised for the first time on appeal.").

held that it had no power to conduct its own investigation into "how state laws might be affecting correctional officers" and that it could not compel a party to apologize. Because the only cognizable remedy was a claim for damages, the district court properly analyzed the action as one seeking only damages.[3]

The district court held that because California's administrative prison grievance process does not allow for monetary damages, this form of relief does not constitute an "available" remedy that must be exhausted before bringing a section 1983 action. The district court also held that exhaustion of state administrative procedures under the California Tort Claims Act is not required before filing a section 1983 action.

■ The primary questions on appeal are whether exhaustion of administrative remedies is a jurisdictional requirement under 42 U.S.C. § 1997e and whether exhaustion is mandatory even where the process would be futile. What does "available" mean as that term is used in section 1997e(a)? These are all questions of law reviewed de novo. *See Tierney v. Kupers,* 128 F.3d 1310, 1311 (9th Cir.1997) (interpretation of statute is a question of law reviewed de novo).

**A.**

Initially, Hill argues that section 1997e(a)'s exhaustion requirement is jurisdictional. That is, Hill claims that a district court may never reach the merits of a prisoner's section 1983 claim unless all available administrative remedies have been exhausted. We disagree.

The Supreme Court case that provides guidance for determining whether a statutory exhaustion requirement is jurisdictional is *Weinberger v. Salfi,* 422 U.S. 749, 757, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). In *Weinberger,* the Court considered language from the Social Security Act that read: "No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [section 1331 et seq.] of Title 28 to recover on any claim arising under [Title II of the Social Security Act]." *Id.* at 756, 95 S.Ct. 2457 (quoting 42 U.S.C. § 405(h) (1970)) (alterations in original). The Court rejected the interpretation that this was a non-jurisdictional provision that "amounted to no more than a codification of the doctrine of exhaustion of administrative remedies." *Id.* at 757, 95 S.Ct. 2457.

Instead, the Court held that "this provision bars district court federal-question jurisdiction over suits.... That the third sentence of § 405(h) is more than a codified requirement of administrative exhaustion is plain from its own language, which is sweeping and direct and which states that no action shall be brought under § 1331, not merely that only those actions shall be brought in which administrative remedies have been exhausted." *Id.* Thus, a "statute requiring exhaustion of administrative remedies may be jurisdictional if it is 'more than a codified requirement of administrative exhaustion' and contains 'sweeping and direct' statutory language that goes beyond a requirement that only exhausted actions be brought." *Underwood v. Wilson,* 151 F.3d 292, 294 (5th Cir.1998) (quoting *Weinberger,* 422 U.S. at 757, 95 S.Ct. 2457), *cert. denied,* — U.S. —, 119 S.Ct. 1809, 143 L.Ed.2d 1012 (1999).

■ As the Fifth Circuit observed in *Underwood,* "[section] 1997e(a) contains no such sweeping and direct language barring federal question jurisdiction under 28 U.S.C. § 1331." *Id.* Section 1997e(a) "merely provides that '[n]o action shall be brought ... until such administrative remedies as are available are exhausted.' This is precisely the type of language held in *Weinberger v. Salfi* not to limit federal jurisdiction." *Id.* We agree with the Fifth Circuit and hold that section 1997e(a)

---

**3.** Rumbles makes it clear in his brief on appeal that he has waived any claim for injunc- tive-type relief.

simply codifies the administrative exhaustion doctrine that is "one among related doctrines—including abstention, finality, and ripeness—that govern the *timing* of federal-court decisionmaking." *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) (emphasis added). The balance of existing authority supports this view. *See Wright v. Morris*, 111 F.3d 414, 421 (6th Cir.) ("Section 1997e(a), in contrast, contains neither the sweeping and direct language of [the statute at issue in *Weinberger*] nor that statute's explicit bar to district court jurisdiction."), *cert. denied,* —— U.S. ——, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997); *Lacey v. C.S.P. Solano Medical Staff*, 990 F.Supp. 1199, 1203 (E.D.Cal.1997) (section 1997e(a) does not limit federal court jurisdiction). *But see Morgan v. Arizona Dep't of Corrections*, 976 F.Supp. 892, 895 (D.Ariz.1997) (section 1997e(a) exhaustion requirement is jurisdictional).

This conclusion is further compelled by 42 U.S.C. § 1997e(c)(1) & (2), companion provisions of the PLRA. Under those provisions, district courts are required to screen prisoners' complaints and to dismiss those that are "frivolous, malicious, fail[ ] to state a claim ..., or seek[ ] monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The statute specifically permits district courts to dismiss such claims on the merits even where administrative remedies have not been exhausted. *See id.* § 1997e(c)(2). "The court would not be empowered to do so if the exhaustion provision deprived the court of jurisdiction over the action." *Underwood*, 151 F.3d at 295; *see Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (a court has no power to reach the merits of a claim if it lacks jurisdiction); *see generally In re Burns*, 974 F.2d 1064, 1066 (9th Cir.1992) (a court should avoid a statutory interpretation that "fails to give effect to every

subsection" of a law). In short, section 1997e(a) is not jurisdictional.

**B.**

 Even if exhaustion is not jurisdictional under the PLRA, Hill argues that a prisoner seeking monetary relief must nevertheless exhaust administrative remedies even where monetary relief is not available within the prison grievance system. Because the California Department of Corrections ("CDC") grievance procedures do not allow for monetary damage awards,[4] *see Lacey*, 990 F.Supp. at 1205 ("[CDC] grievance process does not provide for monetary relief"), the question is whether those procedures are an "available remedy" where a prisoner seeks only monetary damages.

Authorities are split. *See Beeson v. Fishkill Correctional Facility*, 28 F.Supp.2d 884, 888 (S.D.N.Y.1998) (federal courts "have differed ... about whether to apply § 1997e(a) where plaintiffs seek money damages and such relief is not 'available' through the administrative process") (collecting cases). *Compare, e.g., Garrett v. Hawk*, 127 F.3d 1263, 1266 (10th Cir.1997) (section 1997e(a)'s exhaustion requirement applies only to the extent that the administrative process could provide the relief sought), *and Whitley v. Hunt*, 158 F.3d 882, 886–87 (5th Cir.1998) (same), *with Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir.1998) (exhaustion mandatory even where the administrative process does not provide the requested relief; "available remedy" does not mean "adequate remedy"). Ultimately, however, the case on appeal is governed by our decision in *Lunsford v. Jumao-As*, 155 F.3d 1178 (9th Cir.1998).

In *Lunsford*, we were reviewing the claim of a federal prisoner "seek[ing] only damages in his [*Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) ] action for

---

4. Although the CDC grievance procedures authorize up to $100 of compensation for property damage, *see* Cal.Code Reg. tit. 15 §§ 3084.1–3084.7, Rumbles does not seek relief for property damage.

claims arising from past conduct by prison officials...." 155 F.3d at 1179. We held that "Lunsford was ... not required to exhaust his administrative remedies before filing this lawsuit in the district court in light of the fact that the [Bureau of Prison's] Administrative Remedy Program only provides for injunctive relief." *Id.* The holding in *Lunsford* amounts to a rule that federal prisoners pressing *Bivens* claims need not pursue prison remedies when they are seeking exclusively monetary relief, and there are no prison remedies capable of affording such relief. In this regard, *Lunsford* is consistent with pre-PLRA law. *See McCarthy,* 503 U.S. at 149, 112 S.Ct. 1081 (prisoner need not exhaust administrative remedies before pursuing *Bivens* claim for damages); *Cooney v. Edwards,* 971 F.2d 345, 346 (9th Cir.1992) (same).

The district court in the instant case simply extended *Lunsford*'s reasoning from a *Bivens* action to Rumbles' section 1983 action, and held that Rumbles need not exhaust the CDC grievance process because it does not provide for monetary relief. Extending *Lunsford* from a *Bivens* action to a section 1983 action is logical. "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens.*" *Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir.1991). More importantly, in the PLRA Congress included prisoner *Bivens* actions within the statutory reach of section 1997e(a). *See Garrett,* 127 F.3d at 1265 ("Because § 1997e pertains to '*any* action brought ... under ... *any* [ ] Federal law, by a prisoner confined in *any* jail, prison or other correctional facility,' the exhaustion requirements now apply to *Bivens* suits brought by federal prisoners against federal officials as well.") (emphasis and alterations in original); *Alexander,* 159 F.3d at 1325 ("Congress intended the PLRA section 1997e(a) to apply to both state and federal prisoners."). Accordingly, we extend *Lunsford* to section 1983 actions. Exhaustion of administrative remedies under section 1997e(a) is not required if a prisoner's section 1983 claim seeks only money damages and if the correctional facility's administrative grievance process does not allow for such an award.

## C.

Hill argues that, in addition to prison grievance procedures, Rumbles had "available" an administrative remedy under the California Tort Claims Act ("CTCA") that he was required to exhaust before bringing his section 1983 suit. In particular, Hill contends that Rumbles could have filed a claim with the California State Board of Control, the agency empowered to review and pay claims against all state agencies, including the CDC. To adopt this argument, however, we must find that the PLRA overruled the well-established principle that exhaustion of state tort remedies is not required before bringing a section 1983 action. *See, e.g., Heck v. Humphrey,* 512 U.S. 477, 480, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("In general, exhaustion of state remedies is not a prerequisite to an action under § 1983, even an action by a state prisoner.") (citation, internal quotation marks and alterations omitted); *Felder v. Casey,* 487 U.S. 131, 140–41, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (state notice-of-claim statutes are inapplicable to section 1983 suits); *Patsy,* 457 U.S. at 516, 102 S.Ct. 2557 ("exhaustion of state remedies should not be required as a prerequisite to bringing an action pursuant to § 1983").

It does not appear that Congress intended such a change. The language of the PLRA, as well the language of the pre-PLRA version of section 1997e, indicates that Congress had internal prison grievance procedures in mind when it passed the PLRA. That is, while Congress certainly intended to require prisoners to exhaust available prison administrative grievance procedures, there is no indication that it intended prisoners also to exhaust state tort claim procedures. For example, section 1997e(b) tellingly provides that "the failure of a State to adopt or adhere to an

*administrative grievance procedure* shall not constitute the basis for an action" (emphasis added). "It thus appears that throughout § 1997e Congress is referring to institutional grievance processes and not state tort claims procedures." *Lacey*, 990 F.Supp. at 1206.

> [T]he only federal courts considering the issue [whether state notice-of-claim procedures are an "administrative remedy"] post-PLRA conclude that the legislative history of the exhaustion requirement (legislative history which is both pre- and post-PLRA) "seems to indicate that the drafters did not intend to require prisoners to exhaust state tort remedies before filing a federal civil rights claim. It implies that Congress merely intended to require exhaustion of prison grievance procedures."

*Blas v. Endicott*, 31 F.Supp.2d 1131, 1132 (E.D.Wis.1999) (quoting *Barry v. Ratelle*, 985 F.Supp. 1235, 1238 (S.D.Cal.1997)); *cf. Jenkins v. Morton*, 148 F.3d 257, 259 (3rd Cir.1998) (under revised section 1997e(a) a prisoner need not exhaust state judicial remedies before filing a section 1983 action).

Moreover, in analyzing the specific California notice-of-claim procedure at issue here, decisions from every district court in California have concluded that the CTCA procedure is not an administrative remedy that a prisoner must exhaust under section 1997e(a). *See, e.g., Lacey*, 990 F.Supp. at 1206–08; *Barry*, 985 F.Supp. at 1238; *Plasencia v. California*, 29 F.Supp.2d 1145, 1148–49 (C.D.Cal.1998); *Palomino v. Stanton*, No. C 96–2984 FMS, 1998 WL 196461, *2 (N.D.Cal. April 21, 1998); *King v. Steinberg*, No. C 97–3090 CRB, 1998 WL 473899, *2 (N.D.Cal. July 31, 1998). Legislative history also suggests that the statutory phrase "administrative remedies" refers exclusively to prison grievance procedures. Senator Kyl, one of the co-sponsors of the PLRA, testified:

> Mr. President, I join Senator Dole in introducing the Prison Litigation Reform Act of 1995. This bill will deter frivolous inmate lawsuits.... Section 7 will make the exhaustion of administrative remedies mandatory. Many prisoner cases seek relief for matters that are relatively minor and for which *the prison grievance system* would provide an adequate remedy.

141 Cong. Rec. S7526–7527 (May 25, 1995) (emphasis added).

In contrast, Congress gave no indication that it intended to overrule the settled understanding that the phrase "administrative remedies" in section 1997e does not include state notice-of-claim procedures. *See Lacey*, 990 F.Supp. at 1206; *cf. Felder*, 487 U.S. at 140–41, 108 S.Ct. 2302 (state notice-of-claim statutes are inapplicable to section 1983 suits). "This absence of congressional intent is particularly significant given that federal courts have traditionally held that such requirements, including those contained in the California Tort Claims Act, are inapplicable in federal civil rights actions." *Lacey*, 990 F.Supp. at 1206–07 (collecting cases).

Accordingly, we hold that California Tort Claims Act procedures—including the requirement that a state tort claim first be presented to the California State Board of Control—are not "available administrative remedies" that a prisoner must exhaust for purposes of section 1997e(a).

### CONCLUSION

The district court's order denying Hill's motion to dismiss is affirmed.

AFFIRMED.