Ronald G. BEAGLES, Petitioner–
Appellant,

v.

Maggie MILLER–STOUT,
Respondent–Appellee.

No. 01–35060.

D.C. No. CV–00–01563–RSL.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Washington state prisoner Ronald Gene Beagles appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition without prejudice for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review de novo the district court's denial of § 2254 petition. *See Rumbles v. Hill,* 182 F.3d 1064, 1067 (9th Cir.1999), *cert. denied,* 528 U.S. 1074, 120 S.Ct. 787, 145 L.Ed.2d 664 (2000). We affirm.[1]

Beagles contends that the district court erred by dismissing his § 2254 habeas petition as unexhausted. This contention lacks merit.

The exhaustion requirement of 28 U.S.C. § 2254(b) provides that each of a petition-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. On May 10, 2001, Beagles filed a "Memorandum in Support of Petition for a Writ of Mandamus" alleging that the Washington State Department of Corrections transferred him in violation of Fed. R.App. P. 23(a), and denied him access to certain legal materials. We do not reach the merits of these allegations as we lack jurisdiction to issue a writ of mandamus to a state court. *see* 28 U.S.C. § 1651, *see also Demos v. United States Dist. Court for E. Dist. of Wash.,* 925 F.2d 1160, 1161 (9th Cir.1991).

er's claims must be properly presented to a state's highest court prior to habeas review by a federal district court. 28 U.S.C. § 2254(b)(1)(A).

Indeed, the record here shows that the Washington Court of Appeals only recently issued its decision in Beagles's direct appeal. *State of Washington v. Beagles*, No. 44135–3–I, 2001 WL 210687 (Wash.Ct. App. Mar.5, 2001). Furthermore, Beagles concedes that he has not fully and fairly presented his claims to the Washington State Supreme Court. We therefore conclude that the district court correctly dismissed Beagles's petition for failure to exhaust. *See Rose v. Lundy*, 455 U.S. 509, 518–520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.