Kevin MURPHY; et al., Plaintiffs–Appellants,

v.

Robert JONES, Dr., Medical Director, Montana Department of Corrections; et al., Defendants–Appellees.

No. 01–35336.

D.C. No. CV–00–67–DWM(RFC).

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 15, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

### MEMORANDUM **

Five Montana state prisoners housed in Crossroads Correctional Center appeal pro se the district court's order dismissing without prejudice their 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Rumbles v. Hill,* 182 F.3d 1064, 1067 (9th Cir.1999), and affirm.

■ Because the Prison Litigation Reform Act ("PLRA") states that a prisoner "confined in any jail, prison, or other correctional facility" cannot bring an action about prison conditions without exhausting administrative remedies, appellants' con-

** This disposition is not appropriate for publication and may not be cited to or by the

tention that the PLRA is inapplicable to private correctional facilities lacks merit. 42 U.S.C.1997e(a).

■ Appellants' contention that the Crossroads Correctional Center's grievance procedures are inadequate lacks merit because regardless of their adequacy prisoners are required to exhaust available administrative remedies before bringing actions about prison conditions. *See id.; Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001).

■ The administrative remedy for Crossroads Correctional Center prisoners wishing to file medical negligence claims is to file with the Montana Medical Legal Panel. *See* Mont.Code Ann. § 27–6–701. Because the record indicates that none of the appellants exhausted their administrative remedies with the Montana Medical Legal Panel, the district court did not err in dismissing the complaint without prejudice. *See Booth,* 121 S.Ct. at 1825.

AFFIRMED.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.