**Lee V. QUILLAR, Plaintiff—Appellant,**

v.

**R.A. BRINKMAN, Correctional Officer, Defendant—Appellee.**

**No. 02–17036.**

**D.C. No. CV–00–00955–GEB(pan).**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 15, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Quillar's request for oral argument.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

## MEMORANDUM**

Lee V. Quillar, a California state prisoner, appeals pro se the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action alleging violation of his First, Eighth, and Fourteenth Amendment rights. We review de novo a dismissal for failure to exhaust administrative remedies. *Rumbles v. Hill,* 182 F.3d 1064, 1067 (9th Cir.1999). We affirm.

The district court correctly dismissed Quillar's action because it was clear from the face of the amended complaint that he had failed to exhaust available prison administrative remedies. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 739–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Quillar's contention on appeal that the district court erred in applying *Booth* to his case is unpersuasive because the Supreme Court's interpretation of federal law is applied retroactively to all cases still open on direct review. *See Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

