John **AUER,** Plaintiff–Appellant,

v.

William **DONAT;** et al., Defendants–Appellees.

No. 02–16720.
D.C. No. CV–99–00190–DWH.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

John Auer, pro se, Ely, NV, for Plaintiff–Appellant.

Andrea Nichols, Nevada Attorney General's Office, Carson City, NV, for Defendants–Appellees.

David C. Fathi, American Civil Liberties Union Foundation, Washington, DC, for Amici Curiae National Prison Project of the American Civil Liberties Union and American Civil Liberties Union of Nevada.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

### MEMORANDUM**

John Auer, a Nevada State Prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging excessive force, retaliation and denial of access to court, in violation of the First and Four-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Auer's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

teenth Amendments and the Americans With Disabilities Act ("ADA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir.2002). We affirm, in part, and reverse and remand in part.

The district court properly granted summary judgment to defendants on Auer's claims alleging denial of access to court in violation of the First and Fourteenth Amendments and the ADA because Auer's allegations were insufficient to establish a claim for relief. *See Lewis v. Casey*, 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (access to 'courts); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138–40 (9th Cir.2001) (ADA); *Lee v. City of Los Angeles*, 250 F.3d 668, 686–87 (9th Cir. 2001)(equal protection).

With respect to Auer's excessive force claim, we affirm the district court's summary judgment to defendants Vanacore, Smith, Lopez, Neven, Donat, Endel, McDaniel and Slansky because Auer failed to show that these defendants were personally involved in the alleged use of excessive force. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) (holding that section 1983 action requires a showing of defendants' personal participation in alleged constitutional violation).

The district court properly granted summary judgment on Auer's retaliation claim because Auer failed to exhaust his administrative remedies. *See McKinney v. Carey*, 311 F.3d 1198, 1199–1200 (9th Cir. 2002). We are not persuaded by Auer's arguments on appeal regarding his inability to exhaust his claims. We construe the district court's order as dismissing the retaliation claim without prejudice. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.2003) (dismissing without prejudice).

However, we reverse the district court's grant of summary judgment to the remaining defendants based on Auer's purported failure to exhaust administrative remedies. We conclude that Auer exhausted the administrative process by filing grievances complaining about defendants' alleged excessive force and by appealing through all available levels of administrative review. *See Booth v. Churner*, 532 U.S. 731, 740, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (holding that 42 U.S.C. § 1997e(a) requires prisoners to exhaust a process and not a remedy). Moreover, the district court erred by ruling Auer had "available" an administrative remedy under Nev.Rev. Stat. § 209.243 which he was required to exhaust before bringing his section 1983 action. *See Rumbles v. Hill*, 182 F.3d 1064, 1070 (9th Cir.1999) (concluding that prisoners do not have to exhaust state tort claim procedures before bring section 1983 action), *overruled on other grounds by Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Accordingly, we AFFIRM summary judgment on Auer's claims brought under the First and Fourteenth Amendments and ADA. We AFFIRM, in part, the district court's summary judgment on Auer's excessive force claim. We REVERSE the district court's grant of summary judgment on Auer's excessive force claim against defendants Hammock, Zamora, Monroe, Nickel, Jones, Hendrix, Huston, Holt and Axtel and REMAND for further proceedings.

The parties shall bear their own costs.

AFFIRMED, in part, REVERSED, in part, and REMANDED.[1]

---

1. We grant the motion of the National Prison    Project of the American Civil Liberties Union

---

and the American Civil Liberties Union of Nevada for leave to file an amicus curiae brief in support of appellant. The Clerk shall file the brief received May 16, 2003. The request to participate in oral argument is denied as moot.

