**Daniel Dean SHEETS, Plaintiff,**

v.

**C.A. TERHUNE, et al., Defendants**

**No. CVF98 6506 ASI SMS P.**

United States District Court,
E.D. California.

April 28, 2004.

Daniel Dean Sheets, Pekin, IL, pro se.

Len Willeford, Ione, CA, pro se.

Arthur Meeks, Tracy, CA, pro se.

G. Michael German, Attorney General's Office of the State of California, San Diego, CA, for defendants.

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO AMEND, DENYING PLAINTIFF'S MOTION FOR AN EXTENSION, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING ACTION

ISHII, District Judge.

Plaintiff Daniel Dean Sheets ("Plaintiff"), a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72–302.

On February 12, 2004, the Magistrate Judge filed Findings and Recommenda-tions that recommend Defendants' motion to dismiss be granted and this action be dismissed for Plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The Magistrate Judge also recommended that Plaintiff's motion to file a fourth amended complaint and Plaintiff's request for an extension of the deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions be denied. The Findings and Recommendations were served on the parties and gave notice that any objections were to be filed within thir-ty days.

On March 16, 2004, Plaintiff filed objec-tions to the Findings and Recommenda-tions.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) this court has con-ducted a *de novo* review of this case. *See Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983). Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and by proper analysis. The court agrees with the Magistrate Judge's finding that Plain-tiff did not exhaust his administrative rem-edies "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such ad-ministrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust his administrative remedies before filing suit, and a case must still be dismissed if a prisoner ex-hausts his remedies after a suit is filed. *McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir.2002).

In his objections, Plaintiff does not dis-agree with the Magistrate Judge's finding that he did not exhaust his administrative remedies prior to filing suit. Rather, Plaintiff contends, as he did in his oppo-

sition to the motion to dismiss, that administrative remedies were unavailable. Specifically, Plaintiff alleges that law enforcement had asked him not to file an administrative appeal concerning the events underlying this action because it would hurt their investigation. Plaintiff claims he followed their instructions, but after seven months with no contact with law enforcement, Plaintiff filed this action. Plaintiff alleges he was afraid of retaliation if he filed an administrative appeal.

The court agrees with the Magistrate Judge's conclusion that law enforcement's request that Plaintiff not file an administrative appeal does not make the administrative process unavailable. While law enforcement's request did pose a possible problem to the exhaustion requirement, at some point, Plaintiff choose to ignore law enforcement's request. As explained by the Magistrate Judge, once Plaintiff decided law enforcement was not going to assist him and he would disregard their request, Plaintiff needed to have exhausted his administrative remedies before filing this action.

The court also finds Plaintiff's fear of retaliation, seven months after the last of the underlying incidents, insufficient to exhaust the exhaustion requirement. "A *general* fear of retaliation is not an exception to the PLRA's exhaustion requirement." *Hines v. Valhalla County Corr.,* 2002 WL 1822740, *2 (S.D.N.Y.2002) (emphasis added). Plaintiff has failed to allege sufficient facts to show that Plaintiff would have be retaliated against had he filed an administrative appeal. *See Liggins v. Barnett,* 2001 WL 737551, *15 (S.D.Iowa 2001) (finding threats and actual conduct interfering with grievance process sufficient to make administrative remedies unavailable). Plaintiff has set forth no argument, supported by evidence or otherwise, that any defendant or other staff member prevented him from utilizing the grievance process with respect to his claims at the time Plaintiff choose to file this action. *See McNair v. Jones,* 2002 WL 31082948, at *8 (S.D.N.Y.2002) (case in which plaintiff did not suggest that prison employees prevented him from filing a grievance was distinguishable from those cases in which exhaustion was excused because the inmates made reasonable efforts to exhaust but were prevented from doing so by prison employees). The court is cognizant of the fact that Plaintiff alleges he had been retaliated against in the past and he had been asked to not file an appeal. Nonetheless, this court is in agreement with the *Hines* court that, in light of the Supreme Court's holding in *Porter v. Nussle,* 534 U.S. 516, 520, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) that the exhaustion requirement applies to all claims, something more than a generalized fear of retaliation is required before the court will overlook the failure to even attempt to utilize the grievance process prior to filing suit.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed on February 12, 2004, are ADOPTED IN FULL;

2. Plaintiff's motion for leave to file a fourth amended complaint, set forth in Plaintiff's opposition filed October 28, 2003, is DENIED;

3. Plaintiff's request for an extension of the deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions, filed September 30, 2003, is DENIED;

4. Defendants' motion to dismiss, filed October 3, 2003, is GRANTED;

5. Pursuant to 42 U.S.C. § 1997e(a), this action is DISMISSED, without prejudice, based on Plaintiff's failure to exhaust prior to filing suit; and

6. The Clerk of the Court is DIRECTED to close the file.

## FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND BE DENIED, PLAINTIFF'S REQUEST FOR AN EXTENSION OF DISCOVERY DEADLINE BE DENIED, AND DEFENDANTS' MOTION TO DISMISS BE GRANTED

SNYDER, United States Magistrate Judge.

### I. *Procedural History*

Plaintiff Daniel Dean Sheets ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on May 11, 1998, and is proceeding on plaintiff's third amended complaint, filed April 19, 2000, against defendant Powers for denial of access to the courts; defendant Lopez for retaliation and deliberate indifference to plaintiff's serious medical needs; doe defendants at Corcoran for retaliation, excessive force, unconstitutional conditions of confinement, and deliberate indifference to plaintiff's serious medical needs; and doe defendants at Pelican Bay for retaliation and deliberate indifference to plaintiff's serious medical needs. (Doc. 29.)

On October 3, 2003, pursuant to the unenumerated portion of Rule 12(b), defendants Powers and Lopez ("defendants") filed a motion to dismiss on the ground that plaintiff failed to exhaust the available administrative remedies prior to filing suit.[1] Fed. R. Civ. Pro. 12(b). (Doc. 87.) Plaintiff filed an opposition on October 28, 2003, and defendants filed a reply on November 20, 2003.[2] (Docs.90, 91.) Because defendants' reply was untimely and defendants failed to seek leave to file a late reply, the reply is not considered by the court. Local Rule 78–230(m).

### II. *Defendants' Motion to Dismiss*

#### A. *Legal Standard*

■ Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).[3] Exhaustion must

---

**1.** Defendants' first motion to dismiss for failure to exhaust, filed November 16, 2001, was denied without prejudice on the ground that defendants failed to meet their burden of pleading and proving plaintiff failed to exhaust. (Docs.56, 57.)

**2.** Plaintiff was provided with the requirements for opposing an unenumerated Rule 12(b) motion by order filed October 30, 2002. (Doc. 66.)

**3.** The *Booth v. Churner* decision effectively overruled the portion of *Rumbles v. Hill*, 182 F.3d 1064 (9th Cir.1999), *cert. denied*, 528 U.S. 1074, 120 S.Ct. 787, 145 L.Ed.2d 664 (2000), which provided that the exhaustion of administrative remedies was not required if a prisoner's section 1983 claim seeks only money damages and the grievance process does not allow for such an award. *Rumbles v. Hill*, 182 F.3d 1064 (9th Cir.1999). When the Supreme Court of the United States "applies

occur prior to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084, *et seq.* "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." *Id.* at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *See* Cal.Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir.1988) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119–20. If the court concludes that the prisoner has failed to exhaust administra-

tive remedies, the proper remedy is dismissal without prejudice. *Id.*

### B. *Discussion*

In his third amended complaint, plaintiff alleges that between September and December of 1996, while at Pelican Bay State Prison, defendant Powers went through his legal and personal property, trashing some of it and taking the legal work. (Doc. 23, Comp., 8:10–24; Doc. 89, Dec., ¶ 3–6.) Plaintiff alleges that his criminal appeal was dismissed because Powers took plaintiff's legal property. (*Id.*)

Plaintiff alleges that on October 7, 1997, while at Corcoran State Prison, he was severely beaten by two or three unidentified officers at Corcoran while an unidentified sergeant stood by and watched. (*Id.* at 9:19–27–11:3.) After the beating, plaintiff was placed in a cell covered in human waste. (*Id.* at 11:7–9.) A doe medical staff member subsequently denied plaintiff medical treatment for his injuries. (*Id.* at 11:14–17.) On October 15, 1997, plaintiff was transported to back Pelican Bay State Prison, where a number of doe medical staff members denied plaintiff medical treatment for his injuries. (*Id.* at 11:18–23.)

Plaintiff alleges that on December 3, 1997, following his arrival at California Correctional Institution, he was called before the Unit Classification Committee. (*Id.* at 12:9–16.) Plaintiff alleges that defendant Lopez asked him about the illegal activities of Officer Garcia and Sergeant

---

a rule of federal law to the parties before it," as the Court did in *Booth*, "that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74, (1993); *see also United States v. Newman*, 203

F.3d 700, 701–02 (9th Cir.2000); *Jorss v. Vanknocker*, No. C97–3719CRB(PR), 2001 WL 823771, at *2 (N.D.Cal. July 19, 2001) (rejecting argument that the Supreme Court's decision in *Booth* does not apply retroactively). Thus, the Supreme Court's holding in *Booth* applies to the instant action, even though this action was filed prior to the issuance of that decision.

Powers. (*Id.*) Plaintiff alleges that, before answering, he asked for medical treatment for the injuries he sustained during the beating at Corcoran. Plaintiff alleges that after he answered the question, defendant Lopez became upset and denied plaintiff's request for medical treatment. (*Id.*)

On May 11, 1998, plaintiff filed this suit.[4]

In their motion, defendants contend that plaintiff submitted the first inmate appeal possibly relating to his allegations on August 12, 1998. (Doc. 87, Motion, 7:10–11.) Defendants contend that the appeal, which was submitted after this suit was filed, grieved only the failure to provide medical care. (*Id.* at 7:12–15.) In support of the motion, defendants' counsel attests that he "caused the records of the California Department of Corrections to be searched for any and all CDC Form 602 appeals submitted by Plaintiff in relation to the claims or parties underlying this action." (Doc. 88, Dec. of German, ¶ 4.) Other than the appeal submitted on August 12, 1998, there were no appeals filed on or before August 12, 1998. (*Id.*)

In his opposition, plaintiff contends that with respect to his claim against defendant Powers, he submitted several inmate appeals but did not receive responses. (Doc. 90, Opp., p. 2.) With respect to his retaliation and Eighth Amendment claims, plaintiff contends that he would have had to include the names of the individuals involved if he filed an appeal, and he was instructed not to name those individuals by law enforcement personnel conducting an investigation. (*Id.* at p. 3.) Plaintiff contends that he did not file an appeal on these claims in an effort to allow law enforcement to conduct the investigation. (*Id.*) Following the absence of any medical treatment and various acts of retaliation,

and the failure of law enforcement to intervene, plaintiff filed this suit. (*Id.*)

Plaintiff's claim against defendant Powers is not based on the deprivation of plaintiff's property. Rather, plaintiff's claim is for denial of access to the courts and arose when, as a result of the deprivation of his property, plaintiff suffered an "actual injury" – the dismissal of his criminal appeal. *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury). Plaintiff's general assertion that he attempted to appeal the deprivation of his property by defendant Powers is insufficient to demonstrate that he attempted to exhaust this claim. Plaintiff has set forth no evidence demonstrating that after his access claim accrued (at such time as he suffered the "actual injury"), he submitted an appeal grieving the denial of access to the courts.

█ Further, although plaintiff contends that he did not grieve the other claims in this action because he was instructed not to jeopardize an ongoing investigation by mentioning the names of Powers or Garcia, plaintiff did in fact ultimately disclose the names by virtue of the filing of this action. Plaintiff has provided no explanation why, given that he was willing to file suit, he did not first file a grievance and exhaust the process. At the juncture that plaintiff decided to expose his claims and the names of the defendants by filing this suit, plaintiff should have instead filed a grievance. Plaintiff's argument that the process was rendered unavailable is belied by his decision to file suit and subsequently file a grievance. *See Mitchell v. Horn,* 318 F.3d 523, 529 (3d

---

4. On July 19, 1999, case number CV–F–99–5844–OWW–SMS–P was consolidated with this case. (Doc. 18.) The court takes judicial notice of the fact that case number CV–F–99–5844 was filed in the Sacramento division on May 12, 1998.

Cir.2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

Approximately three months after filing suit, plaintiff did file an inmate appeal concerning the beating at Corcoran and the subsequent lack of medical treatment. Plaintiff has provided no explanation why he did not, at that time, also grieve his access claim against Powers and his retaliation and Eighth Amendment claims against Lopez. With respect to the excessive force and medical claims, plaintiff's statement in the grievance that "Per State and Federal Law; I have to inform you of pending litigation" indicates that plaintiff filed the grievance in an effort to exhaust. (Dec. of German, Exhibit A.) However, exhaustion must occur prior to filing suit. *McKinney v. Carey,* 311 F.3d 1198, 1199–1201 (9th Cir.2002). Exhaustion during the pendency of an action cannot later save the action from dismissal. *Id.*

The court finds that plaintiff did not exhaust the available administrative remedies prior to filing suit. Accordingly, the court recommends that defendants' motion to dismiss be granted and this action be dismissed, without prejudice.

### III. *Plaintiff's Motions*

The deadline for the completion of discovery in this case was August 4, 2003. (Doc. 75.) On September 30, 2003, plaintiff filed a request for an extension of the deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions. (Doc. 86.) On October 28, 2003, in his opposition, plaintiff requested leave to amend to add information regarding his attempts to exhaust. (Doc. 90.)

In light of the court's recommendation that this action be dismissed, plaintiff's request for an extension of time must be denied. There is no indication in the record that the ability of plaintiff to oppose defendants' motion was affected by a need for further discovery.

As discussed in the preceding section, the court found that plaintiff failed to exhaust prior to filing suit. The issue of exhaustion is an affirmative defense that must be raised by defendants. Plaintiff is not required to address the issue of exhaustion in his complaint. The appropriate juncture for a plaintiff to set forth evidence of exhaustion is in an opposition to a motion to dismiss. The court considered plaintiff's arguments and evidence, and found that exhaustion did not occur prior to filing suit. Accordingly, allowing plaintiff leave to amend to address the issue of exhaustion would be both inappropriate and futile.

### IV. *Conclusion*

Based on the foregoing, the court finds that plaintiff failed to exhaust the available administrative remedies prior to filing suit. Accordingly, the court HEREBY RECOMMENDS that:

1. Plaintiff's motion for leave to file a fourth amended complaint, set forth in plaintiff's opposition filed October 28, 2003, be denied;

2. Plaintiff's request for an extension of the deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions, filed September 30, 2003, be denied;

3. Defendants' motion to dismiss, filed October 3, 2003, be granted; and

4. Pursuant to 42 U.S.C. § 1997e(a), this action be dismissed, without prejudice, based on plaintiff's for failure to exhaust prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after

being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).