**Raymond M. THORP, Plaintiff,**

v.

**Roy KEPOO, Facility Superintendent of Waiawa Correctional Facility; Phil Tumminelo, Warden of Waiawa Correctional Facility, Keith Kaneshiro, Director of Department of Public Safety, Defendants.**

**No. Civ.A. 99–00501 HG–B.**

United States District Court,
D. Hawaii.

June 6, 2000.

Marie C.L. Laderta, Martin W. Basiszta, Office of the Attorney General, State of Hawaii, Honolulu, HI, for defendants.

## ORDER ADOPTING AS MODIFIED THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO REMAND BE GRANTED AND DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART

GILLMOR, District Judge.

On July 13, 1999, Defendants removed this action to federal court and one week later filed Defendants' Motion to Dismiss, arguing, inter alia, that this Court lacked subject matter jurisdiction. On July 26, 1999, Plaintiff filed his Objection to Defendant's Motion of Removal to Federal Court (construed as a motion for remand). Both motions were heard by the magistrate judge.

On October 27, 1999, the magistrate judge issued his Findings and Recommendation that Plaintiff's Motion to Remand Be Granted and Defendants' Motion to Dismiss Be Granted in Part ("Findings and Recommendation"). On November 8, 1999, Plaintiff Raymond M. Thorp filed his Objection to the Magistrates [sic] Findings and Recommendation Granting Defendants [sic] Motion to Dismiss In Part ("Plaintiff's Objections to the Findings and Recommendation"). After considering the parties' memoranda and the caselaw, the Court ADOPTS as modified the magistrate judge's findings and recommendation that Plaintiff's motion to remand be granted and Defendants' motion to dismiss be granted in part.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

On June 17, 1999, Plaintiff Raymond M. Thorp filed a complaint, entitled 42 U.S.C. § 1983 Civil Complaint ("Complaint"), against Defendants Roy Kepoo, Phil Tum-

Raymond M. Thorp, Appleton, MN, plaintiff pro se.

minelo, and Keith Kaneshiro (collectively, the "Defendants") in the First Circuit Court, State of Hawaii. (*Thorp v. Kepoo, et al.,* Civil No. 99–2372–06). Plaintiff's Complaint alleged, inter alia, that his rights under the Eighth Amendment to the United States Constitution and Article I, Section 12 of the Hawaii Constitution were violated by the Defendants. These alleged violations occurred in connection with Plaintiff receiving an electric shock while performing his duties as an inmate electrician.

On July 13, 1999, Defendants removed the case to federal court, claiming this Court has federal question jurisdiction under 28 U.S.C. § 1343(3).

On July 20, 1999, Defendants filed a Motion to Dismiss, claiming that this Court was without jurisdiction to address Plaintiff's claims because Plaintiff had not alleged that his administrative remedies were exhausted, as required under 42 U.S.C. § 1997e(a). Defendants' motion also claimed, inter alia, that dismissal was proper because a de minimus injury does not rise to the level of a constitutional violation, that the Eleventh Amendment bars suit against Defendants in their official capacities and that Defendants are qualifiedly immune from suit.

On July 26, 1999, Plaintiff filed his Objection to Defendant's [sic] Motion of Removal to Federal Court. The magistrate judge construed Plaintiff's motion as a motion for remand. Plaintiff's motion for remand and Defendants' Motion to Dismiss were heard before the magistrate judge on October 21, 1999.

On October 27, 1999, the magistrate judge filed his Findings and Recommendation that Plaintiff's Motion to Remand Be Granted and Defendants' Motion to Dismiss Be Granted in Part. The magistrate judge based his recommendation on his finding that Plaintiff had failed to allege that he exhausted his administrative remedies before filing suit. Without properly exhausting his administrative remedies, the magistrate judge concluded, Plaintiff's suit was jurisdictionally barred in federal court under 42 U.S.C. § 1997e(a). The Findings and Recommendation went on to conclude that no federal questions remained, and, therefore, Plaintiff's case was without jurisdiction in federal court and recommended the case be remanded to state court.

On November 8, 1999, Plaintiff Raymond M. Thorp filed Plaintiff's Objections to the Findings and Recommendation. Plaintiff specifically claimed that dismissal of any of Plaintiff's claims was improper because the federal court is without jurisdiction over the entire case.

## STANDARD OF REVIEW

Any party may object to a magistrate judge's dispositive proposed order, findings, or recommendations. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 74.2. The district court must make a *de novo* determination of those portions of the magistrate judge's report to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.* De novo review means the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered. *Ness v. Commissioner,* 954 F.2d 1495, 1497 (9th Cir.1992). Thus, although the district court need not hold a de novo hearing, the court's obligation is to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which objections are made. *United States v. Remsing,* 874 F.2d 614, 617 (9th Cir. 1989).

A district court will reverse or modify a magistrate judge's nondispositive pretrial matter only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); Local Rule 74.1. A clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods.*

*v. Constr. Laborers Pension Trust,* 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) (internal quotation marks omitted). *See also Sec. Farms v. Int'l Bhd. of Teamsters,* 124 F.3d 999, 1014 (9th Cir. 1997) (citation omitted).

There is a split in authority regarding whether a motion to remand is a nondispositive pretrial matter. *Compare Bearden v. PNS Stores, Inc.,* 894 F.Supp. 1418, 1419 n. 1 (D.Nev.1995) (finding that a motion for remand is a nondispositive pretrial matter because it does not terminate the litigation or dispose of any claim); *with In Re: U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir.1998) (holding that an order to remand action to state court is dispositive). In light of the lack of precedent from the United States Court of Appeals for the Ninth Circuit, the Court will review all of the magistrate judge's conclusions de novo, not just those objected to by Plaintiff.

## *ANALYSIS*

The Findings and Recommendation take the position that Plaintiff had failed to exhaust his administrative remedies before bringing this suit. This failure, the magistrate judge concluded, made Plaintiff's federal claims not ripe for review. As a result, the recommendation is that Defendants' motion to dismiss Plaintiff's federal claims be granted. Without any federal claims surviving, the magistrate judge concluded that the Court had no subject matter jurisdiction over Plaintiff's remaining state law claims and recommended that Plaintiff's motion to remand be granted

and that the case be remanded to state court.

Plaintiff and Defendants both argue that this Court lacks subject matter jurisdiction due to Plaintiff's failure to exhaust his administrative remedies. The parties disagree as to the proper disposition of Plaintiff's claims as a result of this lack of jurisdiction. Plaintiff argues that Section 1997e(a) deprived this Court of jurisdiction over Plaintiff's claims and, therefore, the Court was without the authority to dismiss Plaintiff's federal claims. Plaintiff believes the case should have been remanded to state court in whole. Defendants, on the other hand, argue that the Court must dismiss Plaintiff's federal claims as a result of his failure to exhaust his administrative remedies. Once these claims are dismissed, the Court should dismiss Plaintiff's pendent state claims for lack of jurisdiction or dismiss the remaining claims on the merits.

The Court ADOPTS the Findings and Recommendation that Defendants' motion to dismiss be granted in part. The Court finds that Plaintiff's federal claims are not ripe to be heard in federal court under 42 U.S.C. § 1997e(a). Section 1997e(a) bars prisoner grievances in federal court that have not exhausted available administrative remedies. The Findings and Recommendation correctly concluded that Plaintiff had not exhausted his administrative remedies. As a result, Plaintiff's federal claims are not properly before this Court.

The Court also ADOPTS as modified[1] the recommendation that Plaintiff's motion

---

1. The Court modifies the Findings and Recommendation to clarify a statement of the law on page 4 of the Findings and Recommendation. The magistrate judge concluded that "[plaintiff's] supplemental state law claims are not actionable in federal court unless the court has subject matter jurisdiction on some other grounds, as provided under 28 U.S.C. § 1367(a)." Although this statement is generally accurate, the Court notes that a federal district court may retain jurisdiction over state law claims even after all federal claims have been dismissed. A district court has discretion to decline to exercise supplemental

jurisdiction under certain circumstances, such as when the federal claims are dismissed at an early stage in the proceedings. *See* 28 U.S.C. § 1367(c)(3).

The Court also seeks to clarify a portion of the Findings and Recommendation. It is unclear whether the recommendation that Plaintiff's case be remanded to state court is based on this Court's lack of subject matter jurisdiction or because Plaintiff has failed to establish that he has satisfied the mandatory condition precedent of exhausting his administrative remedies. As discussed below, section 1997e(a) does not create a jurisdictional bar

to remand be granted. Once Plaintiff's federal claims are dismissed, this Court may only exercise jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367(a). The Court will not exercise its discretion to hear Plaintiff's pendent state law claims. In light of the judicial policy favoring remand, rather than dismissal, of claims that may be properly heard before a state court, *see Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 353, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), Plaintiff's pendent state law claims are remanded to state court.

## I. *Plaintiff's Federal Claims are Barred by 42 U.S.C. § 1997e(a)*

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate litigant bringing a federal cause of action in federal court to first exhaust available administrative remedies. A prisoner may not bring a section 1983 action "until such administrative remedies as are available are exhausted." Contrary to the arguments made by Plaintiff and Defendants, section 1997e(a) is not jurisdictional. *See Rumbles v. Hill,* 182 F.3d 1064, 1067–68 (9th Cir.1999), *cert. denied* —— U.S. ——, 120 S.Ct. 787, 145 L.Ed.2d 664 (2000). A prisoner's failure to exhaust his administrative remedies does not deprive the Court of subject matter jurisdiction. *See id.* at 1067–68. Instead, the administrative exhaustion requirement contained

in section 1997e(a) is "one among related doctrines—including abstention, finality, and ripeness—that govern the timing of federal-court decisionmaking." *Id.* (*quoting McCarthy v. Madigan,* 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992)).

■ In *Rumbles,* the Ninth Circuit made clear that 42 U.S.C. § 1997e(a) does not create a jurisdictional bar to prisoner grievances.[2] Although a district court, generally, may not hear claims brought by prisoners that have not been properly exhausted through available state administrative procedures, this prohibition is not jurisdictional. To the extent the Findings and Recommendation is based on the belief that section 1997e(a) creates a jurisdictional bar, this order modifies that conclusion.

It is undisputed that Plaintiff has not alleged to have exhausted his available state administrative remedies. Indeed, this failure is the basis of Plaintiff's motion to remand and Defendants' motion to dismiss. Plaintiff has not completed the prison grievance process established by the Public Safety Department of the State of Hawaii set out in § 17–201–27, Title 17 Administrative Rules of the Corrections Division. The Court, therefore, may not reach the merits of Plaintiff's section 1983 claim until such available remedies are

to a prisoner's suit. This order modifies the Findings and Recommendation to the extent it is based on the belief that section 1997e(a) is a jurisdictional bar to suit in federal court.

**2.** Defendants rely on *Spence v. Mendoza,* 993 F.Supp. 785 (E.D.Cal.1998), and *Jerves v. United States,* 966 F.2d 517, 519 (9th Cir. 1992), to argue that Plaintiff's failure to exhaust his administrative remedies denies this Court subject matter jurisdiction. Neither case supports Defendants' assertion.

In *Spence,* the district court relied on section 1997e(a) to dismiss plaintiff's complaint because plaintiff had failed to exhaust his administrative remedies. The court held: "Because § 1997e(a) requires exhaustion before bringing suit, and because the complaint does not allege exhaustion, the court must

dismiss the action without prejudice." *Id.* at 787. The *Spence* court was not clear if such dismissal was based on jurisdictional grounds or because plaintiff's claim was not ripe. This ambiguity, however, was cleared up one year later by *Rumbles,* 182 F.3d 1064. Therefore, *Spence* cannot be interpreted to support a reading of section 1997e(a) as jurisdictional.

In *Jerves,* the Ninth Circuit declared that the Federal Torts Claims Act's requirement of administrative exhaustion creates a jurisdictional bar to suit in federal court and may not be waived. The exhaustion requirement of the FTCA, however, was intended by Congress to create a jurisdictional bar. This is not true of section 1997e(a), which was not intended by Congress to be jurisdictional. *See Rumbles,* 182 F.3d at 1067–68.

exhausted. *See Rumbles*, 182 F.3d at 1067–68.

■ Section 1997e(a) requires a prisoner to exhaust only those administrative remedies that are available. Plaintiff's Complaint seeks injunctive relief as well as monetary damages. The grievance system established under Hawaii Administrative Rule § 17–201–27 would permit the administrative resolution of Plaintiff's injunctive demands, but not the recovery of the $750,000.00 in damages that Plaintiff seeks. Therefore, the damages remedy is not available through administrative channels and, thus, need not be exhausted. The Ninth Circuit has clearly stated that if damages are not available as an administrative remedy and if Plaintiff's sole demand is for damages, then exhaustion is not required under section 1997e. *See Rumbles*, 182 F.3d at 1069. The Ninth Circuit has not addressed the question presented to this Court of whether a portion of Plaintiff's claims, specifically those for damages, may proceed in federal court while the remaining unexhausted injunctive claims are barred by section 1997e.

In requiring the exhaustion of prisoner grievances through section 1997e, Congress most certainly did not intend the inefficient result of permitting actions to proceed in part while other claims remained to be tried only after they had been exhausted. Such a result is contrary to a primary purpose of requiring administrative exhaustion. *See McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Exhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency.").

■ The language of the statute also belies such an inefficient result. Section 1997e requires that "[n]o *action* be brought ... until such administrative remedies as are available are exhausted." Had Congress intended to permit the piecemeal adjudication of claims relating to prison conditions, the statute would have precluded the bringing of unexhausted *claims* rather than *actions*. Use of the term "action" in the statute suggests that the entire case is not ripe until those portions of the suit that may be exhausted have been.[3] As a result, Plaintiff's action, in its entirety, is barred from review by this Court under 42 U.S.C. § 1997e(a).

## II. *This Court Declines to Exercise Jurisdiction Over Plaintiff's Pendent State Law Claims*

Plaintiff also alleges certain state law claims. Plaintiff contends Defendants' actions violated Hawaii Constitution Article I, section 12, and also alleges claims for emotional distress, negligence, and punitive damages. A federal district court has jurisdiction under 28 U.S.C. § 1367(a) to hear pendent state law claims. Section 1367 provides in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

A district court, however, has discretion whether to retain jurisdiction over these supplemental state law claims. Section 1367(c) provides:

---

**3.** Indeed, subsection (c) of section 1997e demonstrates that Congress was certainly aware of the difference between the terms "action" and "claims." That subsection authorizes the courts to parse out particular claims that are frivolous, malicious or unsupported by the law for dismissal while retaining others to be heard. Similarly, Congress could have required the courts in subsection (a) to refuse to hear only unexhausted *claims* while retaining those not barred by the administrative exhaustion rule.

The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original jurisdiction ...

*See also United Mine Workers v. Gibbs,* 383 U.S. 715, 728, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), *Brady v. Brown,* 51 F.3d 810, 816 (9th Cir.1995).

■ This Court will not exercise jurisdiction over Plaintiff's pendent claims. Plaintiff's unexhausted federal claims are not ripe before this Court. "[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims." *See Schneider v. TRW, Inc.,* 938 F.2d 986, 993 (9th Cir.1991) (citation omitted). In light of the fact that Plaintiff's case has only recently been removed to this court, the Court finds no reason to depart from the Ninth Circuit's clear preference that jurisdiction not be retained over pendent claims.

### III. *Plaintiff's Pendent State Law Claims Shall Be Remanded to State Court*

This Court is barred under 42 U.S.C. § 1997e(a) from hearing Plaintiff's federal claims and has declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Plaintiff's state law claims. The remaining question is whether Plaintiff's case should be dismissed or remanded to state court.

Judicial efficiency favors an order of remand in this case rather than dismissal. In *Carnegie–Mellon University,* 484 U.S. at 353, 108 S.Ct. 614, the Supreme Court explained that remand to state court is preferable to dismissal of claims if the remand will "best promote the values of economy, convenience, fairness, and comity.... Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state will have to reprocess the case, and this will involve similar costs." *Id.*

The Sixth Circuit Court of Appeals addressed a similar question as to whether a case should be remanded to state court or dismissed upon a finding that the Eleventh Amendment bars the suit in federal court. In *Henry v. Metropolitan Sewer District,* 922 F.2d 332 (6th Cir.1990), the court reviewed the dismissal without prejudice of plaintiff's claims against a Kentucky agency. The district court's dismissal was based on the Eleventh Amendment which generally bars actions against states in federal court. The Sixth Circuit found that the better rule was to reverse the district court's dismissal of plaintiff's claims and to instruct the court to remand the case to the state court. *Id.* at 337–38.

This Court agrees with *Carnegie–Mellon* and *Henry* and holds that judicial efficiency discourages dismissal of Plaintiff's state law claims. Dismissal of Plaintiff's pendent state law claims without prejudice would only add unnecessary ministerial obligations. Therefore, Plaintiff's pendent state law claims, over which the Court declines to exercise jurisdiction under 28 U.S.C. § 1367(c)(3), are remanded to state court.

### CONCLUSION

In accordance with the foregoing, it is HEREBY ORDERED that the Court ADOPTS as modified the magistrate judge's Findings and Recommendation that Plaintiff's federal claims be dismissed and his pendent state law claims are remanded to state court.

IT IS SO ORDERED.