**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT JOSEPH PANARO,
    *Plaintiff-Appellant,*

v.

THE CITY OF NORTH LAS VEGAS, a
political subdivision; NORTH LAS
VEGAS DETENTION CENTER; KEN
ELLINGSON, individually and in his
official capacity as Director of the
North Las Vegas Detention
Center; Corrections Officers
HOLLINS, Sgt. K. KITCHENS,
PRUNCHAK, COLLINS, and Lt. LIANI,
individually and in their official
capacity as Correctional Officers
of the NORTH LAS VEGAS
DETENTION CENTER; DOE DETENTION
OFFICERS 1 through X, inclusive;
and JOHN DOES 1 through X,
inclusive,
    *Defendants-Appellees.*

No. 04-15750

D.C. No.
CV-98-01634-PMP

OPINION

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted
November 18, 2005—San Francisco, California

Filed December 20, 2005

Before John T. Noonan, Pamela A. Rymer, and
Ronald M. Gould, Circuit Judges.

16629

Opinion by Judge Gould

## COUNSEL

Cal J. Potter, III, Las Vegas, Nevada, for plaintiff-appellant Robert Joseph Panaro.

Todd L. Bice, Las Vegas, Nevada, for defendants-appellees City of North Las Vegas, et al..

## OPINION

GOULD, Circuit Judge:

We consider whether a prisoner may constructively exhaust his or her administrative remedies under the Prison Litigation Reform Act (PLRA)[1] by participating in an internal affairs investigation when the prisoner has not taken advantage of an internal grievance procedure. We hold that participating in an internal affairs investigation is not sufficient to satisfy the exhaustion requirement of the PLRA.

## I[2]

Plaintiff-Appellant Robert Joseph Panaro, Sr., (Panaro) appeals the district court's order granting summary judgment in favor of all defendants.

On October 28, 1998, Panaro was incarcerated as a pre-trial detainee at the North Las Vegas Detention Center. The controversy underlying this suit arose after Officer Gilbert Hollins, a corrections officer at the facility, accompanied a prison trustee who was distributing fresh linens to the prisoners. Panaro, who was in his cell at the time, requested a fresh towel. The trustee denied Panaro's request, stating that they were out of towels. Panaro believed that the trustee and Offi-

---

[1] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[2] Because defendants prevailed on summary judgment, the facts are taken in the light most favorable to Panaro. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004).

cer Hollins did in fact have fresh towels, but that Officer Hollins, an African-American, was discriminating against Panaro, an Italian-American.

Because Panaro did not receive a fresh towel, he asked for a grievance form to initiate the detention center's internal grievance procedure.[3] Panaro alleges that he asked for a grievance form twice, and that both times Officer Hollins responded with vulgarities. Panaro alleges that in response to his third request, Officers Hollins and Donald Collins, with Officers Kary Kitchens, Filipo Liani, and Eli Prunchak looking on, entered Panaro's cell and beat Panaro, injuring his neck and aggravating a prior skull fracture. After the beating Panaro was handcuffed and removed from his cell. The officers ordered Panaro to get down on his knees, and at that time Officer Hollins stuffed several grievance forms down Panaro's shirt. The grievance forms fell out of Panaro's shirt before he was placed in a cell next door to his original cell.

After a hearing, Panaro was disciplined for his role in the altercation with the officers. At the hearing he was informed of his "right to appeal the decision of the hearing officer by means of the Grievance Procedure to the Deputy Chief of Operations," but Panaro did not appeal that decision. Nor did Panaro at any time file a grievance form, either over the failure of Officer Hollins and the trustee to give Panaro a towel or over the ensuing altercation and beating.[4]

---

[3]The detention center has a three-step grievance process. The initial step is a review of the prisoner's completed grievance form by a section supervisor, who must give a written decision to the prisoner. If the prisoner is unsatisfied, he or she may appeal to the deputy chief of the detention center by filing an additional written form that sets forth the basis for the appeal. The deputy chief issues a written decision, which the prisoner can appeal to the chief of the detention center. The chief's written decision is final.

[4]After the district court granted summary judgment in favor of all defendants on the section 1983 claim, Panaro moved to amend his complaint, claiming that he had new evidence indicating that he had filed a

Apart from the disciplinary action against Panaro, Panaro participated in an internal affairs investigation against Officer Hollins by submitting to a recorded interview. Officer Hollins was disciplined for his role in the incident.

On November 16, 1998, less than a month after the incident, Panaro filed suit in federal court including claims pursuant to 42 U.S.C. § 1983 and state tort law. The district court granted Defendants' motion for summary judgment on the section 1983 claims on October 23, 2001, and on May 2, 2002, the district court granted Defendants' motion for summary judgment on all state law claims except those against Officer Hollins. The state law claims against Officer Hollins went to trial. The jury returned a defense verdict, and on March 31, 2004, the district court entered a judgment in favor of Officer Hollins. This appeal concerns the summary judgment for all defendants on the section 1983 claim.

## II

The district court's decision on summary judgment is reviewed *de novo*. *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc).

## III

Before addressing whether a prisoner's participation in an internal affairs investigation satisfies the administrative exhaustion requirement of the PLRA, we first consider two preliminary issues.

grievance form. The district court denied the motion, because "The 'new' evidence was at all times in the possession of Plaintiff, and can not be considered newly discovered for purposes of Fed. R. Civ. P. 60(b)." Because Panaro does not appeal the district court's order denying the motion to amend the complaint, Panaro's "new" evidence is not before us. The record in this appeal does not indicate that Panaro filed a grievance form.

The first issue is whether the district court erred in allowing Defendants to raise the affirmative defense that Panaro did not exhaust his administrative remedies at the summary judgment stage, rather than in Defendants' responsive pleadings. Panaro relies on Fed. R. Civ. P. 8(c), which provides: "In pleading to a preceding pleading, a party shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense."

**[1]** After Panaro filed suit, and after Defendants had answered, the Supreme Court decided *Booth v. Churner*, 532 U.S. 731 (2001), which held that a section 1983 plaintiff seeking money damages is required to exhaust administrative remedies even if money damages are unavailable through the administrative grievance process. *Id.* 733-734. Because the affirmative defense of administrative exhaustion was unavailable to Defendants when they responded to Panaro's complaint,[5] because a defendant may raise an affirmative defense at the summary judgment stage as long as the plaintiff does not suffer prejudice, *Paine v. City of Lompoc*, 265 F.3d 975, 981 n.1 (9th Cir. 2001), and because Panaro does not allege prejudice here, the district court properly allowed Defendants to present the affirmative defense at the summary judgment stage.

---

[5]The Ninth Circuit had not squarely addressed this issue in the context of section 1983 actions at the time Panaro filed this suit. However, shortly before Panaro filed his complaint we decided *Lunsford v. Jumao-As*, 155 F.3d 1178, 1178 (9th Cir. 1998) (holding that the PLRA did not require administrative exhaustion in suits for money damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), when the administrative grievance process only offered injunctive relief). Because "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*," *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991), it is a reasonable position, advanced by both parties here, that the exhaustion requirement of the PLRA did not apply to suits for money damages at the time that Panaro filed suit. After Panaro filed suit, we confirmed, without the prescience to anticipate the Supreme Court's decision in *Booth*, that the PLRA did not require administrative exhaustion if a section 1983 suit sought only money damages, and money damages were unavailable through the administrative process. *Rumbles v. Hill*, 182 F.3d 1064, 1069 (9th Cir. 1999).

**[2]** Second, Panaro agues that there was a genuine issue of material fact as to whether he had access to the grievance process. Although the denial of Panaro's initial request for a grievance form precipitated the altercation and beating, the record does not indicate that Panaro sought to file a grievance form taking advantage of the detention center's administrative grievance procedure after the incident at issue here.[6] Nor does Panaro allege that the detention center's grievance process was systematically unavailable to him. To the contrary, after the incident Panaro received a disciplinary hearing at which he was told of his right to file a grievance. There was no genuine issue of material fact regarding Panaro's access to the grievance process.

## IV

Panaro argues that he constructively exhausted his administrative remedies by participating in an internal affairs investigation. In assessing this argument, we start with the language of the PLRA, which states: "No action shall be brought . . . by a prisoner confined in any jail, prison, or other correctional facility until such *administrative remedies* as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Thus the issue raised by Panaro's argument is whether his participation in the internal affairs investigation of Officer Hollins can be considered to have exhausted Panaro's available administrative remedies within the meaning of the PLRA.

---

[6]Because, based on the record before us, Panaro never filed a grievance, this case is distinguishable from *Ngo v. Woodford*, 403 F.3d 620, 631 (9th Cir. 2005), *cert. granted*, 74 U.S.L.W. 3301 (U.S. Nov. 14, 2005) (No. 05-416) (holding that a prisoner exhausted his administrative remedies even though his grievance was untimely). The question presented to the United States Supreme Court is: "Does a prisoner satisfy the Prison Litigation Reform Act's administrative exhaustion requirement by filing an untimely or otherwise procedurally defective administrative appeal?" *Woodford v. Ngo*, No. 05-416 (U.S.), http://www.supremecourtus.gov/qp/05-00416qp.pdf.

**[3]** It is an issue of first impression in our Circuit whether a prisoner's participation in an internal investigation of official conduct should be considered equivalent to exhausting a detention center's available administrative grievance procedure. But we are bound by the literal command of the PLRA, which precludes an action by a prisoner "until such available administrative remedies as are available have been exhausted." 42 U.S.C. § 1997e(a). Although the internal affairs investigation into Officer Hollins' conduct could, and did, result in adverse action against Officer Hollins, Panaro has not alleged that a remedy was available to him through that process. *See Booth*, 532 U.S. at 736 n.4 ("Without the possibility of some relief, the administrative officers would presumably have no authority to act on the subject of the complaint, leaving the inmate nothing to exhaust."). The only potential remedies available to Panaro were through the administrative grievance procedure, and he did not initiate, let alone exhaust, his administrative remedies through that procedure. Because the PLRA requires that inmates exhaust their available administrative remedies, and because Panaro did not exhaust his administrative remedies here, the district court properly granted summary judgment in favor of Defendants.

**[4]** Our conclusion comports with *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003), which addressed this same issue in substance. The Sixth Circuit in *Thomas* considered whether a prisoner exhausted his administrative remedies by "participating fully in the prison's internal investigation." *Id*. at 734. The court held that " 'the exhaustion requirement in § 1997e(a) is directed at exhausting the *prisoner's* administrative remedies,' and that Use of Force[7] or other investigations do not satisfy the PLRA's dictates." *Id*. at 734 (quoting *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). The Sixth Circuit

---

[7]The Sixth Circuit explained in *Thomas* that the procedure it described as "Use of Force" was an investigation by a "Use of Force Committee," which investigated whether a Correctional Officer "used an inappropriate amount of force" when the officer beat a handcuffed inmate. *Id*. at 723.

reasoned that "In determining whether the inmate has exhausted his or her remedies, we thus look to the inmate's grievance, not to other information compiled in other investigations." *Id*. We conclude that the *Thomas* court's reasoning is persuasive, and we adopt the rule that participating in an internal affairs investigation does not by itself satisfy the exhaustion requirement of the PLRA.

[5] The PLRA squarely controls our decision. It represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure. Panaro was required to present a grievance to the officials responsible for maintaining the detention center before he could bring his action against the defendants. We hold that Panaro's participation in the internal investigation of Officer Hollins' conduct cannot be considered to be equivalent to Panaro's assertion of a grievance in the administrative procedure available at the detention center.

AFFIRMED.