Jose CHAVEZ, husband; Maria Elena Chavez, wife, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 05–15458.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed March 27, 2007.

734

Armand Salese, Esq., Law Offices of Armand Salese, PLLC, Tucson, AZ.

Daniel G. Knauss, USTU–Office of the U.S. Attorney, Evo A. DeConcini, U.S. Courthouse, Tucson, AZ, David V. Bernal, Attorney, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC.

Joshua E. Braunstein, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Robert M. Loeb, Esq., Teal Luthy Miller, Esq. DOJ–U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC.

Before: D.W. NELSON, COWEN,* and BERZON, Circuit Judges.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Based on the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), a *Bivens* claim

## MEMORANDUM **

Jose and Maria Chavez (the "Chavezes") appeal the district court's order dismissing their claims against sixteen border patrol agents and supervisors, a former commissioner of the Immigration and Naturalization Service, and the United States. The Chavezes allege intentional tort and negligence claims under the Federal Tort Claims Act ("FTCA") and *Bivens* actions [1] against the agents based on alleged Fourth Amendment violations. The Chavezes also seek injunctive and declaratory relief against the government's practice of using roving highway patrols to execute investigatory stops in search of illegal aliens.

The district court dismissed all of the Chavezes' personal injury FTCA claims for lack of subject matter jurisdiction. The district court additionally dismissed the Chavezes' First, Fourth, Fifth, Eighth, and Fourteenth Amendment Bivens claims, and their claim for equitable relief, holding that the Chavezes failed to allege sufficiently cognizable claims. Of the remaining claims for negligence resulting in property damage, two were dismissed and the third—regarding an August 5, 2000 collision—was decided in the Chavezes' favor at trial. The Chavezes now appeal the dismissal of four of their five personal injury FTCA claims, their Fourth Amendment claim, and their claim for equitable relief. We affirm in part, and reverse and remand in part.

"is a judicially created cause of action against federal officers arising under the United States Constitution." *Ting v. United States*, 927 F.2d 1504, 1513 (9th Cir.1991). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Panaro v. City of North Las Vegas*, 432 F.3d 949, 952 n. 5 (9th Cir.2005).

## I. FTCA Claims

■ First, the Chavezes assert claims under the FTCA for assault, battery, false imprisonment, and intentional infliction of emotional distress.[2] The district court dismissed the claims for lack of subject matter jurisdiction because the Chavezes failed to provide the government with sufficient administrative notice of the claims and damages alleged. Notice must include "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir.1984) (en banc). The Chavezes fell far short of describing the claims in a sufficient manner. Therefore, the district court was correct to dismiss the FTCA claims for lack of jurisdiction.

## II. Fourth Amendment Claims

The Chavezes also bring *Bivens* claims, alleging the defendants' actions violated their Fourth Amendment rights. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court dismissed all the *Bivens* claims. However, federal courts may not dismiss a complaint under Rule 12(b)(6) unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (citation and internal quotation marks omitted). Thus, to plead their claims sufficiently, the Chavezes must only provide "a short and plain statement" of the claims showing that they are entitled to relief, Fed.R.Civ.P. 8(a)(2); *see also Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. 992 (citing Fed.R.Civ.P. 8(a)(2)), and giving the defendants fair notice of what their claims are and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ The Chavezes allege claims against, inter alia, Agents Guajardo, Sisto, Ayala, and Sandoval, by listing them as defendants, along with several other agents, in Paragraph 17 of the complaint. In Paragraph 18, the Chavezes allege that all of the defendants "acted under color of Federal law and engaged in Federal action during all acts alleged hereafter and were at all times relevant hereto acting within the scope of their office or employment." Other than in these two general introductory paragraphs, Agents Guajardo, Sisto, Ayala, and Sandoval are never mentioned in the complaint, nor are any specific factual allegations made regarding them.

■ Similarly, the Chavezes also allege that another defendant, Agent Gale, transported Mr. Chavez to Three Points, Arizona and left him there following Agent Hunt's investigatory stop and seizure of the shuttle. The complaint does not allege, however, that Gale violated Mr. Chavez's rights, nor does it provide any details regarding Gale's involvement. Additionally, the Chavezes allege that Agent Benzenhoefer, a border patrol supervisor, laughed when the Chavezes reported to him that another agent had asked Mrs. Chavez why she did not speak English well. The Chavezes do not allege that Benzenhoefer's actions amounted to a constitutional violation, nor do they allege any facts from which a violation can be inferred.

---

**2.** Pursuant to the FTCA, the Chavezes also asserted a claim for negligence resulting in personal injury as well as property damage. Although we do not read their brief as appealing the district court's dismissal of this claim, we note that we would affirm such dismissal for the same reason that we affirm dismissal of the other FTCA claims.

In sum, the complaint does not give sufficient notice to Agents Blancas, Guajardo, Sisto, Ayala, Gale, Sandoval, and Benzenhoefer regarding the claims asserted against them, and the district court was correct in dismissing those claims. Moreover, we also affirm the district court's dismissal of the claims against Agent James. The Chavezes concede on appeal that, because they obtained an FTCA award regarding the August 5, 2000 collision, 28 U.S.C. § 2676[3] bars a *Bivens* action based on the collision. Accordingly, James was also properly dismissed from the suit.

■ We disagree, however, with the district court's finding that the Chavezes have failed to satisfy the notice pleading requirement with respect to the remaining defendants. First, the Chavezes bring claims against Agents Rios, Demek, and Scharnweber. Unlike the vague and conclusory allegations regarding the eight defendants discussed *supra*, the complaint alleges that Rios, Demek, and Scharnweber each stopped the shuttle on a specific occasion. Those allegations, coupled with the allegation that "[i]ndividual Defendants['] stops, detentions, and intrusive searches of Plaintiffs' shuttle lacked consent, probable cause, and reasonable suspicion, and warrants," are sufficient to provide notice of the claims against Agents Rios, Demek, and Scharnweber.

■ Second, the Chavezes assert claims against Agents Hunt, Obregon, Chavez, Ziglar, Aguilar, and Campbell, alleging that they violated the Chavezes' constitutional rights in their role as supervisors. "[A] supervisor is liable for the constitutional violations of subordinates if the supervisor participated in or directed the

violations, or knew of the violations and failed to act to prevent them." *Hydrick v. Hunter,* 466 F.3d 676, 689 (9th Cir. 2006) (internal quotation marks omitted). The complaint adequately alleges the personal involvement of the supervisors in the unconstitutional patrols. Specifically, it alleges that the defendants "personally reviewed and, thus, knowingly ordered, directed, sanctioned or permitted the roving patrol[s]." The complaint also alleges that the unconstitutional patrols were exacerbated by a lack of reporting requirements, and that the Chavezes complained to Hunt, Obregon, Chavez, and Campbell about the allegedly unlawful stops. Furthermore, the complaint alleges that Aguilar knew of the roving patrols and deliberately sanctioned them.

An unconstitutional policy and practice can be inferred from the complaint's description of directed and repeated roving patrols, the allegation that the supervisors sanctioned them, and the allegation that the agents had supervisory authority. Accordingly, we reverse the district court's decision to dismiss the claims against Agents Hunt, Obregon, Chavez, Campbell, Ziglar and Aguilar.

### III. Claims for Injunctive and Declaratory Relief

■ The Chavezes also seek declaratory and injunctive relief. The district court dismissed these claims on the ground that the complaint failed to allege sufficiently that the defendants' conduct was both likely to recur and in violation of the Chavezes' constitutional rights. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)

---

**3.** Section 2676 provides: "The judgment in an action under section 1346(b) of [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject

matter, against the employee of the government whose act or omission gave rise to the claim."

(holding that to allege sufficiently a claim for equitable relief, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical") (internal quotation marks omitted). We disagree with the district court's determination.

The Chavezes allege that "the roving patrol operations in issue involve systemic violations of the Fourth Amendment," that the operations are ongoing, and that they "are entitled to a declaratory judgment determining that the roving patrol detentions ... which are not based on suspicions particularized to the specific shuttle trip [are violations] of the Fourth Amendment." They also assert that they are entitled to a judgment "directing [Defendants] to prescribe and implement measures sufficient to prevent continuation or resumption" of all border patrol practices that do not adhere to "Circuit determinations of Fourth Amendment dictates."

Because we find that the complaint adequately alleges a constitutional violation against some of the defendants, see Section II, *supra*, and the gravamen of the complaint is an allegation that the roving patrols have caused injury on numerous occasions and will continue to do so, the Chavezes sufficiently allege "a likelihood of substantial and immediate irreparable injury." *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1042 (9th Cir.1999) (en banc); *see also Nicacio v. INS*, 797 F.2d 700, 702 (9th Cir.1986) ("The possibility of recurring injury ceases to be speculative when actual repeated incidents are documented."). Therefore, we reverse the district

court's order dismissing the claims for equitable relief.

Finally, because the district court erred in dismissing under Rule 12(b)(6) the *Bivens* claims against some of the defendants and the equitable claims, the district court's decision to deny the Chavezes' Rule 56(f) motion and the defendants' summary judgment motion as moot was also erroneous. Accordingly, we remand this case so the district court can properly address these motions. Each party shall bear their own costs.

**AFFIRMED** in part, **REVERSED** and **REMANDED** in part.