Opinion by Judge REINHARDT; Dissent by Judge N.R. SMITH.
OPINION
REINHARDT, Circuit Judge:
Mariam Maronyan brought suit against Toyota Motor Sales, U.S.A. Inc. when the new car that she leased developed mechanical problems during the warranty period and Toyota failed to repair them to her satisfaction. In addition to several California state law claims, she alleged breach of warranty under the Magnuson-Moss Warranty Act (“MMWA”). The district court granted Toyota’s motion to dismiss for lack of subject matter jurisdiction on the ground that Maronyan did not before filing suit in civil court pursue her claims through the California Dispute Settlement Program (“CDSP”) that Toyota maintained and specified in its warranty.
Maronyan appeals. She argues that her failure initially to resort to the CDSP provides Toyota an affirmative defense to her warranty claims under the MMWA, but does not defeat subject matter jurisdiction. We review de novo whether the district court properly dismissed for lack of subject matter jurisdiction. BNSF Ry. Co. v. O’Dea, 572 F.3d 785, 787 (9th Cir.2009). Neither party disputes that § 2310(a) of the MMWA imposes a prior-resort requirement on prospective consumer claimants seeking recovery in court. The MMWA provides that if
(A) a warrantor establishes [a dispute settlement procedure],
(B) such procedure, and its implementation meets the requirements of [the FTC’s rules under paragraph (2) ], and
(C) he incorporates in a written warranty a requirement that the consumer resort to such procedure before pursuing any legal remedy under this section respecting such warranty,
then ... the consumer may not commence a civil action (other than a class action) under subsection (d) of this section unless he initially resorts to such procedure....
15 U.S.C. § 2310(a)(3) (2007). The only question before us is whether Maronyan’s failure to comply with the MMWA’s requirement that a consumer resort to an *1040 informal dispute settlement procedure before filing a civil action deprives the court of subject matter jurisdiction. We hold that it does not.
Most exhaustion requirements established by Congress do not result in a loss of subject matter jurisdiction. See I.A.M. Nat’l Pension Fund Benefit Plan C. v. Stockton TRI Indus., 727 F.2d 1204, 1208 (D.C.Cir.1984) (“Only when Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision ... has the Supreme Court held that exhaustion is a jurisdictional prerequisite”). Rather, statutorily created exhaustion requirements ordinarily constitute prudential affirmative defenses that may be defeated by compelling reasons for failure to exhaust. See Weinberger v. Salfi, 422 U.S. 749, 757, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (distinguishing prudential exhaustion, “a codified requirement of administrative exhaustion,” from jurisdictional exhaustion which requires “sweeping and direct language which states that no action shall be brought under [the statute at issue], not merely that only those actions shall be brought in which administrative remedies have been exhausted”).
A consumer’s failure to exhaust an administrative or other pre-filing remedy deprives federal courts of subject matter jurisdiction only in those cases in which Congress makes plain the jurisdictional character of the exhaustion requirement in question. “Consistent with the Supreme Court’s guidance in Weinberger, we have rarely found exhaustion statutes to be a jurisdictional bar.” McBride Cotton and Cattle Corp. v. Veneman, 290 F.3d 973, 978 (9th Cir.2002). “[F]ailure to exhaust does not deprive a federal court of jurisdiction when the exhaustion statute is merely a codification of the exhaustion requirement,” unless Congress uses “ ‘sweeping and direct’ language that goes beyond a requirement that only exhausted claims be brought.” Id. at 979 (quoting Weinberger, 422 U.S. at 757, 95 S.Ct. 2457).
That a failure to satisfy a statutory prerequisite to filing suit deprives a court of subject matter jurisdiction only when Congress provides a sweeping and direct jurisdictional mandate helps to explain why none of the cases on which Toyota relies concludes that the statutory provision at issue operates as a jurisdictional bar. See Reed Elsevier v. Muchnick, — U.S. —, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010) (holding that a copyright holder’s failure to comply with § 411(a)’s registration requirement does not restrict a federal court’s subject-matter jurisdiction over copyright infringement claims involving unregistered works); Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (holding that Title VII’s “employee-numerosity requirement,” which requires potential defendants to maintain at least fifteen employees, does not limit a court’s jurisdiction); Kontrick v. Ryan, 540 U.S. 443, 454-55, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (holding that a bankruptcy rule that allows a creditor sixty days to object to a debtor’s discharge was not a jurisdictional bar to considering an untimely objection); McBride, 290 F.3d at 979 (holding that the exhaustion requirement of 7 U.S.C. § 6912(e) is not jurisdictional).
Most recently, the Supreme Court in Henderson v. Shinseki, — U.S. —, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011), unanimously held that the deadline for filing a notice of appeal with the Veterans Court was not jurisdictional because Congress, in enacting the statute, did not “mandate[ ]” that it was. Id. at 1203. The Court explained:
Because the consequences that attach to the jurisdictional label may be so drastic, we have tried in recent cases to bring some discipline to the use of this *1041 term.... Other rules, even if important and mandatory, we have said, should not be given the jurisdictional brand.... Under Arbaugh, we look to see if there is any “clear” indication that Congress wanted the rule to be “jurisdictional.”
Id. at 1202-03 (citations omitted). Arbaugh emphasized that filing requirements restrict a court’s subject matter jurisdiction only “[i]f the Legislature clearly states that a threshold limitation on a statute’s scope shall count as jurisdictional.” 546 U.S. at 515, 126 S.Ct. 1235 (emphasis added). In an explanatory footnote immediately following this passage, the Court noted that “Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts based on a wide variety of factors,” and lists a number of previously-recognized jurisdictional criteria, such as restrictions on the classes of plaintiffs empowered to bring a civil action or defendants potentially subject to liability. None of these considerations resembles the MMWA’s requirement that a plaintiff exhaust pre-filing remedies before bringing an action. Id. at 515 n. 11,126 S.Ct. 1235.
The Court has chastised lower courts for their overly zealous application of the term “jurisdictional” to what are accurately understood as claims-processing rules or elements of a plaintiffs claim. Reed Elsevier, 130 S.Ct. at 1243-44. A unanimous court in Arbaugh restated the necessity of a clear Congressional mandate to elevate a statutory requirement to a jurisdictional prerequisite, emphasizing that “[i]f the Legislature clearly states that a threshold limitation on a statute’s scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue.” 546 U.S. at 515-16, 126 S.Ct. 1235. Although the Court has acknowledged that “Congress is free to attach ... the jurisdictional label to a rule that [the courts] would prefer to call a claims-processing rule,” Henderson, 131 S.Ct. at 1203, it has cautioned lower courts to refrain from capriciously assigning the jurisdictional label when Congress has failed to clearly provide the requisite mandate, see Reed Elsevier, 130 S.Ct. at 1244 (cautioning courts against engaging in “drive-by jurisdictional rulings”).
The MMWA’s requirement that a “consumer may not commence a civil action ... unless he initially resorts to [an informal dispute settlement procedure],” 15 U.S.C. § 2310(a), is similar in all material respects to the requirements in two other statutes that 'we have examined previously.[1] In both cases, we held that the exhaustion requirements do not deprive the district court of subject matter jurisdiction. First, in Rumbles v. Hill, 182 F.3d 1064 (9th Cir.1999), we reviewed the exhaustion requirement of 42 U.S.C. § 1997e(a):
No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
We held that the exhaustion of remedies under § 1997e(a) was not a jurisdictional prerequisite to suit under 42 U.S.C. § 1983. See Rumbles, 182 F.3d at 1067-68.[2] Second, in McBride, we held that a *1042 failure to comply with 7 U.S.C. § 6912(e)’s requirement that “a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction,” did not result in loss of subject matter jurisdiction. We held, rather, that the provision- constituted “merely a codification of the exhaustion requirement.” 290 F.3d at 980.[3] For the same reason that we held in McBride and Rumbles that the virtually identical exhaustion requirements of § 6912(e) and § 1997e(a) were not jurisdictional in character, we hold that § 2310(a) does not strip the district court of subject matter jurisdiction in the case before us.
Toyota urges us to conclude that Congress has clearly “mandated” that the MMWA exhaustion requirement is jurisdictional based on its aggregation of three scattered pieces of ambiguous and indirect statutory language. Toyota apparently perceives a clear mandate in: (1) a later subsection of the MMWA whose provisions are made “subject to subsection[ ](a)(3)” and includes “jurisdiction” as one among several other subheading labels; (2) the same later subsection, which merely refers to and by no means incorporates the exhaustion requirement in § 2310(a)(3), and states that “any court of competent jurisdiction” may hear MMWA claims; and (3) that same subsection which identifies the class of cases that fall within courts’ adjudicatory authority under the MMWA. No serious analysis is required to explain why such obscure references to jurisdiction elsewhere in the statute do not constitute the kind of “sweeping and direct” language necessary, Weinberger, 422 U.S. at 757, 95 S.Ct. 2457, to demonstrate that Congress “clearly state[d],” Arbaugh, 546 U.S. at 515, 126 S.Ct. 1235, its intention to “mandate[ ]” that a consumer’s failure to comply with § 2310(a)(3)’s exhaustion requirement deprives the district court of subject matter jurisdiction to hear his warranty claims. Henderson, 131 S.Ct. at 1203.
To the contrary, the statute’s plain language reflects that its provision for the use of dispute settlement procedures before filing suit is not a jurisdictional bar but rather a prudential exhaustion requirement. Neither § 2310(a)(3) nor § 2310(a)(4) even mentions subject matter jurisdiction. Elsewhere, the statute prompts warrantors to include “[ijnformation respecting the availability of any informal dispute settlement procedure” and a recital “that the purchaser may be required to resort to such procedure before pursuing any legal remedies in the courts.” § 2302(a)(8). Moreover, the agency to which Congress expressly delegated authority to interpret the MMWA explained shortly after its enactment that it seeks “to ensure that the consumer is not deceived into believing that prior resort to the Mechanism is required in all instances.” FTC Rules, Regulations, Statements, *1043 Interpretations Under Magnuson-Moss Warranty Act, 40 Fed.Reg. 60,168, 60,194-95 (Dec. 31, 1975) (codified at 16 C.F.R. 701). None of these subsections mention subject-matter jurisdiction or otherwise “speak in jurisdictional terms.” Arbaugh, 546 U.S. at 515, 126 S.Ct. 1235 (quoting Zipes v. Trans World Airlines, 455 U.S. 385, 394, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). While they do employ mandatory language, the Court has repeatedly held that “a statutory condition that requires a party to take some action before filing a lawsuit is not automatically ‘a jurisdictional prerequisite to suit.’ ” Reed Elsevier, 130 S.Ct. at 1246 (quoting Zipes, 455 U.S. at 393, 102 S.Ct. 1127). See also Henderson, 131 S.Ct. at 1205; Arbaugh, 546 U.S. at 510, 126 S.Ct. 1235. In light of the Supreme Court’s current and continuing precedent, we cannot accept Toyota’s argument that the statutory language used to establish MMWA’s exhaustion requirement evinces a clear Congressional mandate to bestow jurisdictional status on a prerequisite that is properly deemed an affirmative defense.
To summarize, the MMWA’s exhaustion requirement does not use sweeping and direct language demonstrating clear congressional intent to mandate loss of subject matter jurisdiction. Nor does Toyota rely on a single case in which a court dismissed an action for lack of subject matter jurisdiction on the basis of a plaintiffs failure to exhaust a statutory prerequisite to filing suit. In the only two cases in which we have considered statutory provisions similar to the MMWA’s exhaustion requirement, we held that a failure to exhaust pre-filing requirements does not strip a district court of its subject matter jurisdiction, a conclusion almost unanimously approved by the other circuits. Supra at 1041-42 & nn. 2-3.
For the reasons explained above, we hold that § 2310(a)’s prerequisite that a “consumer may not commence a civil action ... unless he initially resorts to[an informal dispute settlement procedure]” is merely a codification of the MMWA’s exhaustion requirement and does not operate as a jurisdictional bar. Accordingly, we reverse and remand so that the district court may consider, in light of this opinion, how to proceed with the instant action, including the failure-to-exhaust issues.[4]
REVERSED and REMANDED for further proceedings in light of this Opinion.

. We are aware of no other statutory prefiling requirement similar to § 2310(a) of the MMWA that has been held to deprive a district court of subject matter jurisdiction.

. All nine other circuits to have considered § 1997e(a) also held that failure to exhaust did not deprive the district court of jurisdiction. See Anderson v. XYZ Correct’l Health Services, Inc., 407 F.3d 674, 677 (4th Cir.2005); Richardson v. Goord, 347 F.3d 431, 433-34 (2d Cir.2003); Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1206 (10th Cir.2003); *1042 Ali v. Dist. of Columbia, 278 F.3d 1, 5-6 (D.C.Cir.2002); Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir.2002); Wright v. Hollingsworth, 260 F.3d 357, 358 n. 2 (5th Cir.2001); Curry v. Scott, 249 F.3d 493, 501 n. 2 (6th Cir.2001); Nyhuis v. Reno, 204 F.3d 65, 69 n. 4 (3d Cir.2000); Massey v. Helman, 196 F.3d 727, 732 (7th Cir.1999).

. Two of the three other circuits to have considered § 6912(e) held that it was not jurisdictional. See Dawson Farms, LLC v. Farm Serv. Agency, 504 F.3d 592, 606 (5th Cir.2007); Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp., 440 F.3d 992, 999 (8th Cir.2006). The only circuit to hold that it was jurisdictional is the Second. See Bastek v. Fed. Crop Ins. Corp., 145 F.3d 90, 94-95 (2d Cir.1998). The Fifth, Eighth, and Ninth Circuits soundly rejected the Second Circuit's erroneous presumption that statutory exhaustion requirements deprive district courts of subject matter jurisdiction. See Dawson Farms, 504 F.3d at 603; Ace Prop., 440 F.3d at 999; McBride, 290 F.3d at 980.

. The district court did not recognize that it had subject matter jurisdiction over Maronyan's claim and therefore could not address the validity of Toyota’s failure to exhaust argument as an affirmative defense. The only issue properly before this court on appeal is thus the question of subject-matter jurisdiction. We remand to the district court to allow it to address any issues related to the assertion of the exhaustion defense in the first instance. See Cutter v. Wilkinson, 544 U.S. 709, 125 S.Ct. 2113, 2120 n. 7, 161 L.Ed.2d 1020 (2005) ("Because these defensive pleas were not addressed by thefcourt below], and mindful that we are a court of review, not first view, we do not consider them here.”).