**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPHENIE ROBERTSON, M.T.T., individually and as the Representative, Officer and Matriarch of the Traditional Authority and Miskitu Government-In-Exile, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> THE REPUBLIC OF NICARAGUA; et al., <br><br> Defendants-Appellees. | No. 17-17156 <br><br> D.C. No. 3:17-cv-00852-JST <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Josephenie Robertson appeals pro se from the district court's judgment

dismissing her action for lack of subject matter jurisdiction. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(1). *Maronyan v. Toyota Motor Sales, U.S.A., Inc.*, 658 F.3d 1038, 1039 (9th Cir. 2011). We affirm.

The district court properly dismissed Robertson's action for lack of subject matter jurisdiction because Robertson alleged claims that presented a political question. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980-82 (9th Cir. 2007) (district courts have no jurisdiction to hear a case presenting a political question); *see also Baker v. Carr*, 369 U.S. 186, 217 (1962) (setting forth tests to determine whether case presents a political question); *Mingtai Fire & Marine Ins. Co., Ltd. v. UPS*, 177 F.3d 1142, 1145 (9th Cir. 1999) (authority to recognize foreign regimes is committed to the Executive Branch alone).

The district court did not abuse its discretion by denying Robertson's motion for appointment of counsel because Robertson did not demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

To the extent that Robertson sought to maintain this action as a class action lawsuit, Robertson cannot do so because she is not an attorney. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a pro se litigant has no authority to appear as an attorney for others).

We reject as unsupported by the record Robertson's contentions regarding the district court's denial of her motion for sanctions and treatment of Robertson's requests to amend her complaint.

**AFFIRMED.**