**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ONTARIO FOOD AND BEVERAGE, LLC, a California limited liability company, | No. 18-56090 |
| | D.C. No. 5:18-cv-00753-SJO-SP |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM* |
| ANDRE SCHOORL, Director of the State of California Department of Industrial Relations, and DAVID M. LANIER, Secretary of the California Labor and Workforce Development Agency, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California,
S. James Otero, Senior District Judge, Presiding

Argued and Submitted November 8, 2019
Pasadena, California

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Before: FARRIS and McKEOWN, Circuit Judges, and KENDALL,[**] District Judge.

Ontario Food and Beverage, LLC ("Ontario Food"), owner of Deja Vu Bar and Nightclub in Ontario, California, appeals the District Court's dismissal of its (1) motion for preliminary injunction, and (2) claims for declaratory and injunctive relief against California state officials. Ontario Food alleges that the definition of "gratuity" in California Labor Code § 350(e), as amended by 2000 Cal. Assembly Bill No. 2509 ("AB 2509"), is unconstitutional under the First and Fourteenth Amendments and preempted by the Internal Revenue Code, 26 U.S.C. § 1 *et seq.*, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.*

The District Court (1) denied the preliminary injunction, finding that Ontario Food failed to satisfy any of the required factors laid out in *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). It then (2) granted Defendants' motions to dismiss the complaint for lack of subject matter jurisdiction without reaching the merits, finding that Ontario Food lacked standing and that its claims were not ripe. It further found Defendants to be immune from suit under the Eleventh Amendment, and it denied leave to amend. We review the District Court's order granting a motion to dismiss for lack of subject matter jurisdiction de novo,

2

*Maronyan v. Toyota Motor Sales, U.S.A., Inc.*, 658 F.3d 1038, 1039 (9th Cir. 2011), and we affirm.

To establish standing, a plaintiff must show (1) an injury in fact that is both concrete and particularized, and actual or imminent, (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A plaintiff not presently subject to prosecution must demonstrate a "reasonable threat of prosecution" that is "not imaginary or wholly speculative." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1143 (9th Cir. 2000) (internal quotations omitted). "'[G]eneral threat[s] by officials to enforce those laws which they are charged to administer' do not create the necessary injury in fact." *Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010) (quoting *United Pub. Workers of Am. v. Mitchell*, 330 U.S. 75, 88 (1947)).

Ontario Food fails to allege an injury in fact, as any potential threat of prosecution under AB 2509 is not imminent and is wholly speculative. Neither Defendants nor the agencies they represent have attempted to enforce AB 2509 against Ontario Food; nor does Ontario Food allege that Defendants have threatened enforcement, warned of it, or enforced AB 2509 in any way since its January 2001 inception sufficient to establish injury. *See San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1127–28 (9th Cir. 1996); *Darring v.*

3

*Kincheloe*, 783 F.2d 874, 877 (9th Cir. 1986). The California Department of Industrial Relations' June 2001 letter regarding AB 2509 is merely an acknowledgment by the agency that it is charged with administration of the law in question. *See Lopez*, 630 F.3d at 787.

Ontario Food cites *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 298, 301–02 (1979), for the notion that Defendants' failure to "disavow" enforcement of AB 2509 is sufficient to establish injury in fact. But in *Babbitt*, plaintiffs had in fact been forced to chill their protected speech for fear of violating a labor statute. *See id.* In contrast, Ontario Food fails to allege that it has curtailed its speech or changed its behavior in any meaningful way in response to AB 2509. Indeed, it has declined to enforce its own policy that would bring it into compliance with the law. As a result, the District Court properly dismissed Ontario Food's claims for lack of standing.

We conclude that Ontario Food lacks standing, so we need not reach whether its claims are ripe or barred by sovereign immunity. For the same reason, we hold that the District Court's denial of preliminary injunction was proper. *See Townley v. Miller*, 722 F.3d 1128, 1136–37 (9th Cir. 2013); *Vegan Outreach, Inc. v. Chapa*, 454 Fed.App'x 598, 600 (9th Cir. 2011).

**AFFIRMED.**